## STRODE, ET ALS. v. CLARK.

1. A trial of right of property may be prosecuted in the name of an infant, by a *prochein ami*, who may execute the bond, and if necessary make the affidavit required by the statute.

Error to the Circuit Court of Sumter.

THE defendant in error, sued out execution against Charles E. B. Strode and Harriet S. Strode, which was levied on certain slaves, and thereupon, Matthew Houston, as the next friend of the plaintiff in error, made affidavit, that he verily believed the property levied on, belonged to certain minors who are named, and prayed a trial of the right, and also executed a bond with surety, conditioned as the statute directs, in cases of trial of the right of property.

At the trial of the cause, the plaintiff moved to dismiss the claim, because prosecuted on behalf of an infant, which was sustained by the court, and the claim dismissed. This is the matter now assigned for error.

R. H. SMITH, for plaintiff in error.
J. B. CLARKE & HOIT, contra.

ORMOND, J.—We need not enter upon the inquiry, how suits were first allowed to be prosecuted in behalf of an in-

fant, by a *prochein ami*, or whether the right existed at common law, or was conferred by the statutes of Westminster, 1st and 2d, as the legislature of this State has expressly conferred the power, in the following comprehensive language: "In every case, where persons who are within age, may sue, their next friends shall be admitted to sue for them." [Clay's Dig. 336, § 130.] The only question, therefore, to be considered, is, whether infants are embraced in the class of persons who may try the right of property, when an execution issued against another person, is levied upon property to which they assert a title.

The language of the act is, "where any sheriff shall levy execution on property claimed by any person, not a party to such execution, such person may make oath to such property, and it shall then be the duty of the sheriff," &c. It is evident that an infant might make the oath which is here required, but it is argued that he cannot execute the bond, which the sheriff is required to take from the claimant, before delivering to him the property. Although an infant, being unable to execute a bond, may thus be disabled from a literal compliance with the statute, we do not think this a sufficient reason for refusing the benefit of the law, to this class of persons, when all the objects the law had in view may be accomplished, by the execution of the bond by a *prochein ami*. The act is general, giving this remedy to all persons, whose property is wrongfully levied on to pay the debt of another, and if he happens to be an infant, he may under the provision of the act first cited, assert his rights through the medium of a *prochein ami*, who will be responsible to the other party for the production of the property, as well as for the costs, if the infant is cast in the action.

The argument, that it is not for the benefit of the infant to permit the claim to be asserted in his behalf, by his next friend, because the claimant, if successful, would be entitled to the possession of the property, and might waste it, is founded on a misapprehension of the statute. The act requires the sheriff, upon the execution of the bond, "to return the property levied upon, to the person out of whose possession the same was taken," so that the property in such a case, would be returned to the proper custodian, and the execu-

Strode, et als. v. Clark.

tion of the bond would give the *prochein ami* no right to the custody, or possession of the property levied on, if he did not have it at the time of the levy.    The argument here urged, if sound, would prove, that an infant could not prosecute our statutory action of detinue, and it follows, that since the action of replevin has been held to be obsolete in this State, there would be no means left, by which infants could adequately protect their possession of personal property at law, and would be compelled to seek redress by an action of trespass, after the wrong had been committed.    The common law furnished this precautionary means of redress, by the action of replevin, which was the mode of our statutory actions of detinue, and trial of right of property; and it would be strange indeed, if infants requiring greater protection than others, should be placed in a worse condition, by a statute designed to give to every one a more full, and adequate means, of protecting his property against invasion.

The statue is general in its terms, and gives the right to all persons whose property is improperly levied on to pay the debts of another.    It was doubtless intended to include infants, and it follows, that as in other cases, it may be prosecuted in their names, by a *prochein ami*, who may execute the bond, and if necessary, make the affidavit required by the statute.

The objection that the *prochein ami* is the party who appears upon the record as claimant, appears to rest upon the statement of the case by the clerk.    The affidavit, and bond, disclose the true character of the *prochein ami*, and that he is prosecuting the suit not for his own benefit, but as the next friend of the minors, and this cannot be altered by the statement of the clerk, that he is the claimant.

Let the judgment be reversed, and the case remanded.