## COOK *vs.* ADAMS.

[MOTION TO DISMISS APPEAL, BECAUSE APPELLANT IS AN INFANT, AND ASSIGNS ERROR BY ATTORNEY.]

1. *Code (§ 2132) does not apply to appeals.*—Section 2132 of the Code, which provides that infants must sue by their next friend, and be defended by a guardian to be appointed by the court, has reference only to suits in the common-law courts of original jurisdiction, and does not apply to appeals, which must, therefore, be governed by the rules of the common law.

2. *Appeal by infant must be sued out by guardian or next friend.*—When the appellant is an infant, the appeal must be sued out by his guardian, or next friend, who may either give bond to supersede the judgment, or security for the costs of the appeal; and where (as in this case) the appeal is sued out by the infant in his own name, and errors are assigned by attorney, on the fact of such infancy being brought to the knowledge of the court by affidavits, the appeal will be dismissed on motion.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. TURNER REAVIS.

MOTION to dismiss the appeal, because the appellant, in whose name it was sued out, appears by the affidavits here filed in support of the motion to be an infant, who here assigns errors by attorney. The appellant was defendant below, and was sued by the appellee, in an action on the case, to recover consequential damages for a tort. Judgment was

rendered against the defendant below; but he excepted to several rulings of the court, which are set out in the bill of exceptions, and which he here seeks to revise; assigning for error, among other things, that the court proceeded to try the cause, and rendered judgment against him, being a minor, without the appointment of a guardian *ad litem*.

TURNER REAVIS, for the motion.

STEPHEN F. HALE, *contra*.

CHILTON, C. J.—Motion is made in this case to dismiss the appeal, on the ground that it appears to be sued out by an infant, and the errors are here assigned by attorney. The fact of appellant's infancy is conceded by the counsel, and is also clearly shown by an affidavit submitted with the motion.

It is to be regretted that our statute law does not more clearly point out the mode by which appeals shall be taken, in cases where judgments have been rendered against infants. The Code provides, that infants must sue by their next friend, and be defended by a guardian, to be appointed by the court. § 2132. This section has reference, however, to the mode of prosecuting suits in common-law courts of original jurisdiction, and not to appeals. We must, therefore, look to the common law for the rule.

It is well settled that an infant cannot appoint an attorney. He cannot, therefore, sue by attorney, but must sue by guardian, or *prochein amy*. "It is," says Chancellor Kent, "against the course and order of the court (to permit the infant to act by solicitor), and not conducive to the rights of the parties. The infants should act under the advice and discretion of their next friend, or guardian, and the opposite party has, in such case, a responsible person for costs."

Infants are not supposed to be able to act with discretion, and they might, if allow *sua sponte* to institute suits, greatly prejudice their estates. Besides, they are incapable of entering into obligations, required to be executed in many forms of procedure in order to the successful prosecution of actions.

We deem it the only safe rule, to require in all cases, where an infant is plaintiff, that he should sue by his guardian, or next friend, who are responsible for costs, and who are not to

be indemnified by the infant's estate, unless they act in good faith and with ordinary discretion.—Burr. Rep. 506, 1026 ; Reeves' Dom. Rel. 265. In such case, no execution issues against the infant for the cost; for it is said costs came in lieu of the common-law amercement of the plaintiff *pro falso clamore*, and the infant could not be subject to an amercement, and of course could not be liable to its substitute.—Reeves' Dom. Rel., *supra;* 1 Lev. 308.

Where it is necessary for the protection of the infants' rights, the next friend, or guardian, may enter into bonds which may be necessary under the form of the proceeding adopted,—as in case of interposing a claim to try the right of property, it has been held by this court that the *prochein amy* may enter into a claim bond.—Strode v. Clark, 12 Ala. 621. We are aware of the English rule, which authorizes the infant to sue out the writ, but requiring him to declare by next friend or guardian. This rule, however, would not harmonize with our statutes.

An appeal is given in lieu of the old writ of error, and is regarded as the prosecution of a new suit.—23 Ala. 668. It must, where the appellant is an infant, be sued out by his guardian, or next friend, who may supersede the judgment, if need be, by entering into bond, or may give security for cost in this court as required in such cases.

The motion must be granted. Let the appeal be dismissed.