[Thomason v. Gray.]

# Thomason *v.* Gray.

*Motion to Quash Execution.*

1. *Affirmance of judgment; merger.*—When a judgment is affirmed by this court on appeal, the judgment of the lower court is merged in the judgment of this court, so that it can not be altered by the lower court, nor can it be amended by this court, after the expiration of the term at which it was rendered.

2. *Same; execution of judgment in favor of infant or next friend.*—A judgment in favor of an infant, suing by his next friend, having been affirmed by this court on appeal without mentioning the next friend, an execution subsequently issued will not be quashed because it follows the affirmed judgment.

APPEAL from Calhoun Circuit Court.
Heard before the Hon. L. F. BOX.

E. H. HANNA, for appellant.

KELLY & SMITH, *contra*, cited *McArthur v. Dane*, 61 Ala. 539; *Werborn v. Pinney*, 76 *Ib.* 291.

SOMERVILLE, J.—The Circuit Court, in our opinion, did not err in refusing to quash the execution against the appellant, Thomason, which was issued in the name of the appellee, Rolan B. Gray. The contention of the petitioner was that Gray, being a minor, and having brought the suit *by his next friend* as required by statute (Code, 1886, § 2579), and recovered judgment in the Circuit Court in this form, the execution should follow that judgment, although on appeal taken to the last term of the Supreme Court the judgment was here affirmed as one in favor of Gray, omitting all allusion to his next friend.

A full answer to this suggestion is found in the settled principle, many times decided, that where the judgment of a lower court is affirmed, on appeal taken to this court, it is merged in the judgment of the appellate court, so that it can not be altered by the lower court; nor by this court after expiration of the term at which it was rendered.—*Werborn v. Pinney*, 76 Ala. 291; *McArthur v. Dane*, 61 Ala. 539; *Wiswell v. Monroe*, 4 Ala. 19; *Stephens v. Norris*, 15 Ala. 79.

[Woods v. Montevallo Coal & Transportation Co.]

It may be that the judgment of this court is subject to amendment *nunc pro tunc* so as to show the intervention of the plaintiff's next friend. But this omission can not affect the validity of the judgment, or the execution sought to be quashed, which follows the judgment as affirmed. The next friend of the minor is not the real and true party plaintiff to the cause. The purpose of his intervention is to guide the discretion of the minor, give him suitable advice, and protect his interests, by acting for him in many things connected with the suit which he is incompetent to do by reason of his disability as an infant, chief among which is his inability to employ or act by an attorney.—*Cook v. Adams*, 27 Ala. 294. Another purpose is to have before the court, on the record, some person *sui juris* who can be held responsible for the costs of the suit, as well as for the conduct of the cause. *Cooper v. Maclin*, 25 Ala. 298; *Riddle v. Hanna, Ib.* 484.

It is obvious that the execution is not so irregular as to affect its validity, and its payment by the defendant to the sheriff would be a full defense to any subsequent attempt of the minor's *prochein ami* to enforce any supposed claim in his favor based on the same judgment, whether amended *nunc pro tunc*, or otherwise.

Affirmed.