ROSALIE KRONE, RESPONDENT. *v.* THE KINGS COUNTY ELEVATED RAILROAD COMPANY, APPELLANT.

*Action by a property owner to restrain an elevated railroad from erecting a stairway to its road, on the sidewalk in front of his building — when a temporary injunction should not be granted.*

In an action, brought by the plaintiff to restrain the defendant from constructing a stairway on the sidewalk, in front of property in which the plaintiff had a leasehold interest, for the ascent of passengers to the elevated railroad of the defendant, upon the ground that such stairway would interrupt light, air and access to her property, and thereby injure and damage the same, a temporary injunction restraining the construction of the stairway was granted.

*Held,* that as the elevated railroad of the defendant had been constructed with the consent of the municipal authorities and of the owner of the fee of the premises in question, and its construction was intended to subserve a great public interest, and in theory of law it was for a public purpose, to which private interests are always subservient, and as the damages to the plaintiff were simple and could easily be found by a jury, there seemed to be no sufficient reason why the public enterprise of the defendant should be arrested or embarrassed by a court of equity, for the reasons presented by the plaintiff in this action, and that the order should be reversed.

APPEAL from an order entered in the office of the clerk of the county of Kings on May 21, 1888, restraining the defendant from using a stairway leading up to defendant's station on its elevated railway, or keeping or allowing said stairway to be open or used by any person or persons whatever, and from an order entered in the same office punishing the defendant for contempt.

*Delos McCurdy,* for the appellant.

*Wm. J. Gaynor,* for the respondent.

DYKMAN, J. :

This action is for the procurement of an injunction restraining the defendant from the construction of a stairway leading up from the sidewalk to the elevated office on the defendant's road. An order has been made for the issuance of a temporary injunction, from which there is an appeal, and there has been an order for the punishment of the defendant for disobedience of the injunction, from which there is also an appeal. The plaintiff has a leasehold interest in the property described in the complaint, upon which she has a three story brick building. The elevated railroad of the defendant has been constructed over the center of Fulton street, and a stairway for the ascent of passengers to the railroad has been constructed on the west side of the street on the sidewalk in front of the property of the plaintiff, and it is the claim of the plaintiff that such stairway will interrupt light, air and access to her property, and thereby injure and damage the same. The action of the plaintiff is based upon her right to light, air and access in the use of her property, and her rights in that respect are absolute, and her claim is well founded. But whether a court of equity should interfere to restrain the defendant from the full and free exercise of its franchise in favor of an individual who sustains a pecuniary injury only, is quite another question.

The elevated railroad of the defendant has been constructed with the consent of the municipal authorities and of the fee owner of the premises in question, and stands under the full sanction of legal authority. Its construction is intended to subserve a great public interest, and in theory of law it was for a public purpose to which private interests are always subservient, not that private interests are to be destroyed or disregarded, but because they can be fully protected by and remunerated by compensation, and the constitution and the laws provide full and adequate remedies for the infringement of all private rights for public purposes. The damages resulting to private property in such cases may be assessed in the manner provided by law, or they may be recovered in an action at law. In this case the damages to ensue to the plaintiff are simple and can be

easily found by a jury; and there seems to be no sufficient reason why the great public enterprise of the defendant should be arrested or embarrassed by a court of equity for the reasons presented. by the plaintiff in this action.

The order for the injunction should be reversed, and, of course, the order to punish for contempt will fall with it. Ten dollars costs and disbursements are allowed.

BARNARD, P. J. and PRATT, J., concurred.

Order granting injunction reversed, with ten dollars costs and disbursements; order punishing defendant for contempt reversed, without costs.