OAKLEY, Respondent, v. COKALETE, Appellant. (Supreme Court, Appellate Division, Second Department. October 6, 1896.) Action by Mahlon B. Oakley against John S. Cokalete. David W. Travis, for appellant. Silas J. Owens, for respondent.

CULLEN, J. This action is brought to dissolve a partnership alleged to exist between the parties, and for an accounting. The defendant answered, denying the partnership, and alleging that the plaintiff was simply an employé of the defendant under an agreement by which the former was to receive one-half of the net profits of the business as compensation for his services. It appeared that the plaintiff had been carrying on business on his own account, the store or shop being the defendant's property; that, at the time of the change in the business, the plaintiff was indebted to the defendant for rent, and he assigned the stock and fixtures to the defendant by a bill of sale. The defendant testified that it was in payment of the debt; the plaintiff that it was security for it. The question whether the plaintiff was a partner or an employé is of no practical importance, as we think that, in either aspect of the case, by a proper statement of the accounts, plaintiff is indebted to the defendant, and not the defendant to the plaintiff. We shall, therefore, assume that the parties were partners. The trial court found that the plaintiff contributed to the partnership $352.69; that during the partnership the plaintiff drew out $79.75, and the defendant $20; that at the time of the commencement of the partnership the plaintiff was indebted to the defendant in the sum of $230; that during the partnership he became further indebted in the sum of $70 for house rent, and $20 moneys of the defendant collected by the plaintiff. On these facts the court stated the account as follows:

"Plaintiff owes for rent due at the commencement of this action.... $230 00
Received from store.............. 79 75
Collected rent for Cokalete....... 20 00
House rent ..................... 70 00

$399 75
Plaintiff put in...........$338 60
Carpet and smoke house.. 14 09 352 69

The plaintiff owes................ $ 47 06
Due from store................... 20 00

Due from plaintiff............... $ 27 06

Amount of goods in store......... $450 00

One-half ...................... $225 00
Less .......................... 27 06

$197 94"

An analysis of the account will show how the peculiar manner of stating it has resulted to the two partners:

The plaintiff receives a discharge from his personal debt to the defendant, owing at the commencement of the partnership........ $230 00
House rent for family............ 70 00
Moneys of defendant collected by him ...................... 20 00
Drawn from partnership.......... 79 75
Judgment ordered by the court in his favor ..................... 197 94

Total ..................... $597 69
Deduct plaintiff's contributions of all kinds ..................... 352 69

Balance, profit to plaintiff from joint venture ............ $245 00

The defendant received partnership stock at dissolution............. $450 00
Drawn from partnership.......... 20 00

Total ..................... $470 00

The defendant loses and satisfies his personal claims against the plaintiff .................. $230 00
                                    70 00
                                    20 00
The judgment requires him to pay plaintiff the further sum of........... 197 94

Total .................... $517 94
Deduct ........................ 470 00

Loss to the defendant from joint venture............. $ 47 94

The error which has worked out this curious result proceeds from the indiscriminate mingling of accounts of the partners with the partnership and between themselves as individuals. Assuming the absolute correctness of the items of this account, a correct statement of it would show the true balance due from the defendant to the plaintiff to be $51.47. In our judgment there are errors in the items of the account. The amount contributed by the plaintiff was only $320.90, of which $196.99 was the value of the fixtures, and the remainder the value of the stock. The plaintiff, by his subsequent testimony, modified his first statement that his contribution amounted to $352.69. The plaintiff put in evidence an account rendered to him by the defendant, showing that during the prosecution of the business defendant paid out $323.26 more than he received. The correctness of this statement is testified to by the witness Craft, and seems to have been in no wise impeached. This excess of payment should have been treated as a contribution by the defendant to the partnership. The plaintiff testified that the value of the stock on hand at the time he was turned out by the defendant was $450. The defendant testified that it was not worth over $200, and that he offered it to the plaintiff for that sum. The trial court found the value to be $450, and we shall adopt that finding. The court made no allowance for the value of the fixtures which the defendant appropriated to his use. We do not know whether the finding of the value of the stock at $450 was intended to include the value of the fixtures, but the view most favorable to the plaintiff is that it did not, and we shall proceed on that assumption. With these modifications of the items, the proper statement of the account would be as follows:

### Assets of Partnership.

Stock on hand at dissolution...... $450 00
Fixtures ...................... 196 99
Due from plaintiff.............. 79 75
Due from defendant............. 20 00

Total ..................... $746 74
Contributed by plaintiff.... $320 90
Contributed by defendant. 323 26 644 16

Profits of partnership............ $102 58
One-half to each partner.......... $ 51 29

### Plaintiff's Account.

Contributed to partnership........ $320 90
Share of profit.................... 51 29

$372 19
Plaintiff owes defendant on private account...... $320 00
Plaintiff owes defendant on partnership account.. 79 75 399 75

Overpayment due from plaintiff ..................... $ 27 56

### Defendant's Account.

Contributed to partnership........ $323 26
Personal claims against the plaintiff 320 00
One-half of profit................. 51 29

Total ..................... $694 55
Defendant has received stock on hand at dissolution ................... $450 00
Fixtures ................ 196 99 646 99

Balance due from plaintiff to defendant ................ $ 27 56

Judgment appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur. 39 N. Y. Supp. 1001.