MAHLON B. OAKLEY, Respondent, *v.* JOHN S. COKALETE, Defendant. DAVID W. TRAVIS, Appellant.

*Contempt of court — when a disregard of a stay of proceedings is not.*

Where, when a cause on the Special Term calendar in Westchester county is called for trial, the defendant's attorney calls to the attention of the court an order to show cause, providing that all proceedings in the action should be stayed until the motion arising upon it should be heard and determined, and the court directs that the order be vacated so far as the stay is concerned, and signs an order to that effect, and the attorney then moves the cause for trial and procures a dismissal of the complaint, he should not be adjudged guilty of a contempt of court.

APPEAL by David W. Travis, the defendant's attorney, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 27th day of January, 1897, adjudging him guilty of a contempt of court and imposing upon him a fine of $100.

*David W. Travis* and *Charles H. Young*, for the appellant.

*Silas J. Owens*, for the respondent.

WILLARD BARTLETT, J. :

This case was before the Appellate Division in October, 1896, and a judgment in favor of the plaintiff was reversed. (*Oakley* v. *Cokalete*, 9 App. Div. 624.) After the reversal, and on the 5th day of December, 1896, the defendant's attorney noticed the cause for trial at a Special Term appointed to be held at White Plains, in the county of Westchester, on the 19th day of December, 1896. The plaintiff appears to have taken no steps in the action until December 17, 1896, when he procured from Mr. Justice GAYNOR an order, returnable at White Plains on January 2, 1897, requiring the defendant to show cause why the plaintiff should not be allowed to amend his complaint. This order to show cause provided that all proceedings should be stayed until the motion arising upon it was heard and determined. It was served upon Mr. Travis on the afternoon of December 18, 1896, the day before the case would come on for trial, under his notice.

The Special Term, for which this notice of trial had been served, was appointed to be held by Mr. Justice Dykman. When served with the order to show cause, including the stay, Mr. Travis informed the plaintiff's attorney that in his opinion the order was void under the rules and could not stay the trial of an action on the calendar; and he also told the said attorney that he should insist upon the trial of the action on the following day.

On the nineteenth, when the case was called for trial on the Special Term calendar, Mr. Travis brought Judge Gaynor's order to the attention of Mr. Justice Dykman, who thereupon inquired what right Mr. Justice Gaynor had to stay a trial in his court. Mr. Travis answered that he thought he had none under the rules; whereupon Judge Dykman directed that the order of Mr. Justice Gaynor should be vacated, so far as the stay was concerned, and signed an order to that effect. The complaint was subsequently dismissed.

For his action in moving the case for trial under these circumstances and procuring the dismissal of the complaint the attorney for the defendant has been adjudged guilty of a contempt of court in having willfully disregarded and disobeyed the stay of proceedings granted by Mr. Justice Gaynor, with the order to show cause aforesaid. We are of the opinion that this adjudication deals far too harshly with the appellant.

Rule 37 of the General Rules of Practice provides that no order, except in the first judicial district, served after the action shall have been noticed for trial, if served within ten days of the Trial Term, shall have the effect to stay the proceedings in the action, unless made at the term where such action is to be tried, or by the judge who is appointed to hold such Trial Term. It was held below that this rule does not embrace Special Terms at which cases are tried, inasmuch as before its recent amendment it applied only to Circuits and to the Trial Terms of Superior City Courts. Whether this view be correct or not, the rule in its present form is broad enough literally to include a Special Term for trials. The question whether it applied to such Special Terms was fairly presented by the appellant to Mr. Justice Dykman and was determined in his favor. In other words, the action of that learned judge, when the case was called for trial, was, in effect, a decision that the stay of proceedings

granted by Mr. Justice GAYNOR was rendered wholly ineffective by the operation of rule 37. Here, then, was a judicial declaration by one of the oldest and most experienced Supreme Court justices in the district, who had been for years a member of the General Term, to the effect that Judge GAYNOR's stay was nugatory; and it seems to us that it would savor of undue severity to hold that an attorney was guilty of contempt in acting upon a view of the law which he evidently entertained in good faith, in common with the judge before whom he was practicing at the time and who gave it his express approval.

The order appealed from should be reversed, with ten dollars costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements.