one of the employés of the defendant had called the attention of defendant's agent in charge of the freight house at Canandaigua to the dangerous condition of the stove; that he acknowledged that the condition ought to be remedied; that he had endeavored to do so, but that he was unable to obtain from the defendant another stove. The plaintiff also gave evidence tending to show that the fire in question originated in this office, and in close proximity to the stove. This and other evidence given in behalf of the plaintiff was sufficient to require a submission to the jury of the question of defendant's negligence.

It therefore becomes necessary to reverse the order, and to order a new trial, with costs to the appellant to abide the event of the action.  All concur.

---

### NEW YORK MAIL & NEWSPAPER TRANSP. CO. v. SHEA.

(Supreme Court, Special Term, Kings County.   March 7, 1898.)

CONTEMPT—VIOLATION OF INJUNCTION.

    The special term of the Second judicial department, following the decisions of the appellate division and general term, will refuse to punish an officer of a city, acting under the advice of its counsel, for disobeying an injunction order, pending an appeal therefrom, on the ground that such punishment would be harsh, though it seems that such officer should be adjudged in contempt.

Action by the New York Mail & Newspaper Transportation Company against John L. Shea individually and as commissioner of bridges of the city of New York.   Motion by plaintiff to punish defendant and others for contempt for alleged disobedience of an injunction ordered made and entered on the 8th day of February, 1898, restraining the defendant during the pendency of the action from preventing the plaintiff from laying its mail tubes across the New York and Brooklyn bridge.   Denied.

Selden Bacon, for the motion.
Almet F. Jenks, Asst. Corp. Counsel, opposed.

GAYNOR, J.   Following the decision in Oakley v. Cokalete, 16 App. Div. 65, 44 N. Y. Supp. 1070, I cannot grant this motion.   In that case the plaintiff's attorney obtained from the judge of this court who was holding the regular trial term and special term in Westchester county, an order to show cause why leave to serve an amended complaint should not be given.   It contained a stay of the trial meanwhile.   The defendant's attorney intentionally disregarded the stay, by moving the case for trial and taking judgment by default before another judge sitting at the Saturday special term assigned for each Saturday in that county.   Upon moving the case for trial he also procured the judge presiding to vacate the said order and stay.   This of course the learned judge was wholly without power to do ex parte, either as a judge or as a court, as the attorney must have well known, for it is too well known to need that reference be made to the section of the Code for it; and that the attorney was

instrumental in having the learned judge do so was no excuse or protection to him, but an aggravation of his offense. Koehler v. Bank (Sup.) 6 N. Y. Supp. 470, affirmed in 117 N. Y. 661, 22 N. E. 1134. Nor was the order thus treated with contempt, in violation of general rule 37. That rule forbids such a stay of a trial at "trial term" only, and not at "special term." The constitution (article 6, § 2), and the Code of Civil Procedure (sections 229, 232, etc.), designate and prescribe special terms and trial terms separately; and the province of each, and that neither includes the other, are too well established to be susceptible of mistake, much less dispute. The said rule also specifically follows the same nomenclature. Furthermore, it does it in a way not to permit any one to suppose that the part of it to which I have referred could relate to special terms. It provides that motions may be brought on "at special or trial terms" by notices of motion or orders to show cause; and then provides (leaving out special terms) that no such order, except in the First judicial district, "if served within ten days of the trial term" at which the action is to be tried, shall stay proceedings, unless made by the judge appointed "to hold such trial term." Moreover, the said rule before its recent amendment to conform to the changes in the judicial system, in express terms related only to "circuit" courts and the "trial terms" of superior city courts. Neither the special terms of the supreme court nor of the superior city courts were covered by it, as was well understood and acted upon by both bar and bench. The name "trial term" was unknown to the supreme court until the constitutional amendments of 1895, and then the part of the said rule in question was changed by dropping "circuit" courts, and retaining "trial term" only, thus leaving it applicable, as it had always been, to terms of court for jury trials only, viz., to our present trial terms. Every lawyer knows the difference between a trial term and a special term, and that when he finds either named in the constitution, the statutes, or the rules of court, the other or both are not meant. Upon the motion to punish the said attorney for contempt, he produced an affidavit which he procured a court clerk to make, to the effect that such clerk believed that the judge who signed the said order to show cause, did not know it contained a stay, apparently because the judge did not occupy himself in perusing the said order as long as the said clerk deemed necessary in order to ascertain all it contained. This was put forward as an excuse for disobeying the order, and served to emphasize the willfulness of such disobedience. On appeal the appellate division reversed the order fining the attorney for contempt, saying it was harsh to punish him. I have carefully detailed the facts and the law of that case, so that the purport of the decision on appeal may appear. The case at bar is of a mild character of contempt compared with it. The defendant is a public officer, acting under the advice of the corporation counsel, of whom he is required by law to take advice; the advice being that the appeal taken suspends the injunction order. Even though it seems to me that the plaintiff is entitled to have him adjudged in contempt of court, for his refusal to obey the court's said order, yet an order to that effect would be harsh, and should not

be granted, according to the decision in the case I have cited. The other persons embraced in the motion are officers and employés under the defendant, except the assistant corporation counsel, and he is acting under his superior. I see no way to grant this motion, or any motion like it, while the said decision on appeal in Oakley v. Cokalete shall continue the rule in this judicial department.

I am also confronted by the decision of the late general term in this judicial department, in Krone v. Railroad Co., 50 Hun, 431, 3 N. Y. Supp. 149. In that case the court granted an injunction order restraining the defendant during the pendency of the action from building a station stairway upon the sidewalk in front of the plaintiff's house and lot. The defendant openly treated the order with the grossest contempt, and built the stairway. The court adjudged it in contempt therefor, and imposed a fine. The appeal from the injunction order and the order punishing for contempt were heard together. The court reversed the injunction order, and added, "of course the order to punish for contempt will fall with it," and reversed that also. This decision being the law of this department, I do not see how a court of first instance is at liberty to punish for a contempt of its order, however gross, if that order is appealed from; for if reversed, the contempt is justified, on the ground, it would seem, that contempt for judicial error is always justified. If this decision be correct, the corporation counsel's said advice is correct.

Beset by the two decisions I have cited, it is seemly that I deny this motion.