# Collins *v.* Gillespy.

*Petition by Minor to Have Clerk and Register Pay to Her Money Collected on Judgment in Her Favor.*

(Decided June 30th, 1906.   41 So. Rep. 930.)

*Infants; Judgment in Favor of; Who may Receive Payment.*—Neither the next friend, by whom an infant sues, nor the attorney of record, has authority to receive payment of a judgment in favor of the infant, and enter satisfaction of the judgment. Only the regularly qualified guardian can do so.

APPEAL from Birmingham City Court.
Heard before HON. CHARLES A. SENN.

[Collins v. Gillespy.]

Action by Mamie Collins, an infant, by her next friend, against John S. Gillespy, as clerk of the city court of the city of Birmingham. From a judgment sustaining demurrers to the petition, plaintiff appeals.

Mamie Collins, a minor, by her next friend and father, recovered judgment in the Birmingham city court against the Birmingham Railway Light & Power Co. for the sum of $25 and the costs of the suit. This amount together with the costs, was paid to the clerk and register of the city court. The next friend and also the attorney of record for the next friend made demand upon the clerk and register for the said sum of $25, and, upon his refusal to pay the same over to either of them, the next friend filed a petition seeking to secure an order from the judge of the court requiring the payment of said sum to the next friend. The petition alleges the above facts. The clerk and register answered said petition, admitting all the allegations therein contained, but alleged that he was advised by counsel that as such clerk and register he cannot legally pay over the money in his hand to any one except the general guardian of the minor. He also filed demurrers raising this same question. The demurrers were sustained.

WARD & DRENNAN, for appellant.—The next friend was entitled to receive the damages in this case and enter satisfaction of the judgment.—*Thompson v. Maxwell Land Co.*, 10 Sup. Ct. Rep. 121; *Belliveau v. Amoskeag*, 40 Atl. Rep. 234; *Tripp v. Gifford*, 155 Mass. 109; *Jones v. Steele*, 76 Mo. 324; *Baltimore R. R. Co. v. Fitzpatrick*, 31 Md. 619; *Collins v. Brooks*, 4 H. & N. 270.

J. S. GILLESPIE, pro se.

DENSON, J.—"It is the general rule that no one but a regularly qualified guardian of an infant has authority to receive payment, and enter satisfaction of a judgment recovered in favor of such infant, and that a next friend has no such authority." And although there are authorities which seem to take the contrary view, this court has decided that a next friend has no such au-

thority.—*Isaac v. Boyd*, 5 Port. 388; *Smith v. Redus*, 9
Ala. 99, 44 Am. Dec. 429; 17 Am. & Eng. Enc. of Law
(2d Ed.) p. 859, and cases in note 10. See, also, with
respect of the office of a *prochein ami*, the following
cases: *Thomason v. Gray*, 84 Ala. 559, 4 South. 394;
*Cook v. Adams*, 27 Ala. 294; *Cooper v. Maclin's Heirs*,
25 Ala. 299; *Riddle v. Hanna*, 25 Ala. 484; *Klaus v.
State*, 54 Miss. 644; *Mitchell v. Connolly*, 1 Bailey (S.
C.) 203. If the next friend has not the authority to re-
ceive payment or enter satisfaction, it follows logically
that an attorney who derives the only authority he has
from the next friend is not clothed with such authority.

There is no error in the record, and the judgment of
the court must be affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ.,
concur.