**Ex parte MINCHENER.** (4 Div. 115.)

(Supreme Court of Alabama. April 24, 1924.)

**1. Equity ⬤⟹32—Bill to set aside conveyance properly filed in county where land situated.**

A bill in equity filed on behalf of complainant to set aside a conveyance was properly filed in county where land was situated, under Code 1907, § 3054, though complainant and defendants resided outside of state.

**2. Prohibition ⬤⟹5(3)—Jurisdiction of bill by next friend not destroyed by motion to dismiss on ex parte affidavits of complainant.**

A circuit court, sitting in equity, had jurisdiction of a bill to set aside a conveyance, notwithstanding motion to dismiss on ex parte af-

fidavits of alleged insane complainant, on whose behalf it was filed by next friend, since court was under duty to determine for itself mental capacity of complainant, and hence prohibition would not lie.

Original petition by Grace Minchener for a writ of prohibition to Hon. W. L. Parks, as Judge of the Circuit Court, Pike County, to prohibit his further proceeding in a cause pending in said court. Writ denied.

A. G. Seay, of Troy, for petitioner.

The appointment of a guardian for a non compos mentis without inquisition is absolutely void. Moody v. Bibb, 50 Ala. 245; Code 1907, §§ 4347, 4348. The right of a mere volunteer to institute suit as next friend of a nonadjudged non compos mentis rests under limitations, and such person proceeds at his peril. Whetstone v. Whetstone's Ex'rs 75 Ala. 495. Jurisdiction of the person and estate of a non compos mentis is vested in the probate court. Laughinghouse v. Laughinghouse, 38 Ala. 257; Craft v. Simon, 118 Ala. 625, 24 South. 380; 22 Cyc. 1120. Prohibition is proper when the object of restraint is without jurisdiction of the subject matter or party and there is no other remedy. Ex parte State, 200 Ala. 15, 75 South. 327; Ex parte State, 150 Ala. 489, 43 South. 490, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79; Atkins v. Seddons, 66 Ala. 453; Ex parte Hamilton, 51 Ala. 62; Code 1907, § 2837.

Wilkerson & Brannen and T. L. Borom, all of Troy, and James J. Mayfield, of Montgomery, for respondent.

The writ of prohibition will never lie, except in cases of usurpation of power, and unless other remedies are ineffectual. Ex parte Green, 29 Ala. 52; Epperson v. Rice, 102 Ala. 668, 15 South. 434; Ex parte Smith, 23 Ala. 94; Ex parte Due, 116 Ala. 491, 23 South. 2. Suit by next friend of an insane person is authorized by Code 1907, § 3088.

SAYRE, J. This is an original petition in this court for a writ of prohibition, to be directed to Hon. W. L. Parks, as judge of the circuit court of Pike county, prohibiting and restraining him from proceeding further in a cause pending in the said circuit court wherein Annie K. Pennington, suing as next friend of Grace Minchener, is complainant, and W. C. Kent and T. F. Wales are defendants. Mrs. Pennington, who is the mother of Grace Minchener, alleging her daughter to be non compos mentis, filed her bill against Kent and Wales to set aside a conveyance of property made to them by the daughter on the ground that the same had been procured by the fraud and undue influence of the grantees. Grace Minchener, undertaking by ex parte affidavits to show to the court that for two years next before the filing of the bill on her behalf and at the time of the execution of the conveyance in question she had resided in the state of Florida, that the averments of the bill were untrue, that she was not of unsound mind, and that her mother, Annie K. Pennington, had no authority to begin or maintain the bill, moved the court to dismiss the same. The court, holding that the matter of Grace Minchener's alleged insanity and of Annie K. Pennington's right to maintain the bill on her behalf should not be determined on ex parte affidavits, denied the motion, whereupon Grace Minchener applied to this court for its writ of prohibition as aforesaid.

Upon this application the sole question presented for adjudication is whether the circuit court of Pike, sitting in equity, has jurisdiction to proceed with the hearing of the bill notwithstanding the motion to dismiss made by the party on whose behalf it was filed. Ex parte Greene, 29 Ala. 57; Ex parte Peterson, 33 Ala. 76; Ex parte Boothe, 64 Ala. 317. Upon authority and the reason of the matter the court here is of opinion that the trial court is not without jurisdiction in the premises, and that the writ prayed for should be denied.

[1] Grace Minchener, Kent, and Wales all reside in the state of Florida, but the bill in equity filed by Mrs. Pennington involves the title to lands in the county of Pike, and, so far as concerns the territorial jurisdiction of the court, was properly filed in that county. Code, § 3054.

[2] Whether Mrs. Pennington should be allowed to maintain her suit on behalf of her daughter, Grace Minchener, depends upon the mental capacity of the latter to direct that matter for herself. There has been no inquisition of lunacy; complainant's right as next friend rests thus far upon her own averment that her daughter is non compos mentis. In Beall v. Smith, L. R. 9 Ch. 85 (1873), it was said that—

"The law of the court of chancery undoubtedly is that in certain cases, where there is a person of unsound mind, not found so by inquisition, and therefore incapable of invoking the protection of the court, that protection may in proper cases, and if and so far as may be necessary and proper, be invoked on his behalf by any person as his next friend."

And in Whetstone v. Whetstone's Ex'rs, 75 Ala. 499, this court followed the law of Beall v. Smith as being beyond question, but by way of caution and limitation added the following quotation, which it may be well to repeat:

"Every person so constituting himself officiously the guardian, committee, and protector of a person of unsound mind does so entirely at his own risk, and he must be prepared to vindicate the necessity and propriety of his proceedings, if they are called in question, and to bear the consequences of any unnecessary and improper proceedings. He takes the risk, moreover, of having his proceedings wholly repudiated by the lunatic, if he should recover his reason."

It follows that, when its jurisdiction is challenged on the ground the complainant on whose behalf the bill is filed is competent to care for his own interests, the court has the right and is under duty to determine for itself the question of the mental capacity of the beneficial complainant by a report from the register, by submitting the question to a jury, or otherwise as the court may direct. The courts and text-writers so hold. Whetstone v. Whetstone's Ex'rs, supra; Isle v. Cranby, 199 Ill. 39, 64 N. E. 1065, 64 L. R. A. 513, note; Holland v. Riggs, 53 Tex. Civ. App. 367, 116 S. W. 167; Dan. Ch. Pl. & Pr. (6th Ed.) star p. 83; Story, Eq. Pl. (10th Ed.) § 66. The reason for the rule is stated in substance as follows: To require the dismissal of a bill filed on behalf of a person alleged to be incompetent at the mere dictation of the latter would permit serious wrong to him or his property without remedy—would practically destroy the power of the court to care for the interests of persons who are unable to care for themselves.

We have said enough to determine the question of the trial court's jurisdiction against the contention of petitioner. The court had jurisdiction to proceed with the cause, and the writ of prohibition must be denied.

We will not be understood as holding that an appeal from a final decree against the defendants in the equity cause will afford adequate relief against error in its determination of the mental capacity of Grace Minchener, or that mandamus, serving the purpose of an emergency appeal, will not lie to review such ruling in advance of a final decree, the evidence being properly presented. As the case stands, the court had jurisdiction to determine the issue of lunacy or other incompetency vel non, and its determination cannot be reviewed by the writ of prohibition or otherwise on the record before us.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.