In the Matter of WILLIAM LANDAU, an Alleged Incompetent Person.
UNITED STATES FIDELITY AND GUARANTY COMPANY and Another, Appellants; SELAH B. STRONG, a Justice of the Supreme Court, Respondent.*

Second Department, June 26, 1930.

* Appeal dismissed, 255 N. Y. ——.

*Meier Steinbrink* [*Harold M. Kennedy* with him on the brief], for the appellants.

*W. T. Van Alstyne*, special guardian for the incompetent.

PER CURIAM. (1) The court was without power to proscribe this surety company or any other surety company and exclude it from the writing of surety bonds in judicial proceedings. Section 156 of the Civil Practice Act requires such a company to justify if its bond be excepted to. The Insurance Law, section 109-a, subdivision 2 (as renum. and amd. by Laws of 1924, chap. 544; subd. 2 is former section 182), provides that a certificate of solvency from the Superintendent of Insurance shall be conclusive evidence of the company's solvency and its sufficiency as a surety or guarantor. The presenting of such a certificate having such a conclusive effect would require the approval of a bond under such circumstances. The existence of these statutory provisions negatives

the notion that a Supreme Court justice may override the effect of the approval of the Superintendent of Insurance of a company's right to do business and the effect of his certificate as to the surety company's financial stability and its sufficiency as a surety. If a Supreme Court justice, or any one else for that matter, learns of facts which would warrant the depriving of a particular surety company of the right to write bonds in judicial proceedings, such facts should be laid before the Superintendent of Insurance, who is alone empowered to discipline the company and who can, under the Insurance Law, nullify a surety company's certificate or license to do business and can refuse to permit an offending company to do business (Ins. Law, § 204, as amd. by Laws of 1929, chap. 288) " when in his judgment, such refusal will best promote the public interests." Until the official vested with authority to terminate the surety company's right to issue bonds in judicial proceedings in this State has acted upon grounds which he deems sufficient, a court is without power to reject the surety bond of such a company. If a company misconducts itself, or those for whom it is responsible do so, the remedy therefor is that provided in the Insurance Law. The court, therefore, was without authority to assume to exercise the power to bar this particular surety company from writing bonds in judicial proceedings involving the estates of incompetents. It does not follow, however, that the particular order, the violation of which is invoked as the basis for the contempt proceedings herein, was void in its entirety. It was a valid order of a court having jurisdiction of the parties and subject-matter but containing an erroneous provision which the Special Term interpreted as proscribing the United States Fidelity and Guaranty Company from writing a bond in a judicial proceeding involving this particular estate. The order, therefore, not being void in its entirety, could not be disregarded with impunity, the remedy to one aggrieved being to seek the elimination of the erroneous provision by an appropriate proceeding, and it was obligatory upon every one in the meantime to respect the order until it was modified or set aside. ( *Ketchum* v. *Edwards*, 153 N. Y. 534, 538; 13 C. J. § 16, p. 15; *People ex rel. Day* v. *Bergen*, 53 N. Y. 404, 410.) The order in question, therefore, being a lawful mandate, one who willfully violated it might properly be held in contempt of court if it conformed to the test for the basis of a contempt proceeding by containing " a clear and precise mandate of the court." (*Ziegfeld* v. *Norworth*, 148 App. Div. 185, 191; *Ketchum* v. *Edwards, supra.*) The manner, however, in which certain phrases were stricken out of the order and other language inserted in it, generated ambiguity

and deprived the order of the requisite qualities of clarity and precision needful to sustain a charge of willful violation of it.

Moreover, considering the surety company's branch of this appeal, the contempt proceeding herein must be deemed to be one relating to a criminal contempt (Judiciary Law, § 750) as a claimed " wilful disobedience to its [the court's] lawful mandate." The final order which evolved from this proceeding does not contain provisions which would require the proceeding to be deemed one for a civil contempt. A proceeding in contempt was never initiated herein against the corporation in the manner prescribed by section 757 of the Judiciary Law. The informal letter of February 13, 1930, addressed by the court to the company, may not be construed to be a compliance with that section. The recital in the order appealed from, that the corporation voluntarily appeared, is without support in the record. The response to the informal letter, as a matter of courtesy, did not constitute an appearance by the corporation, especially since the letter did not indicate that it concerned any proceeding in contempt. Therefore, the order appealed from, so far as it affects the appellant corporation, may not be sustained, in that it did not issue in a validly initiated contempt proceeding and such proceedings as were had were irregular and wholly abortive so far as the appellant corporation is concerned. It is desirable that the processes and orders of the court be vindicated, but it is imperative that this be done in a lawful and orderly fashion. The record herein does not conform to orderly practice so far as the appellant corporation is concerned.

(2) With respect to the appellant McArthur, an attempt was made to give a semblance of regularity to the proceeding so far as it concerned him. An order to show cause issued directed to him, requiring him to show cause why he should not be punished for contempt of court. That order specified that he would be required to justify " giving the bond and presenting the said bond for approval of this court, all in violation of the order of this court of December 6, 1929." The proceeding culminated in an order finding McArthur guilty of an act with which he was not charged in the order to show cause. That act concerned the giving of advice by McArthur to the surety company that it might issue a bond in this particular incompetent estate proceeding, despite the December 6, 1929, order. There is no evidence that McArthur procured the issuance of the bond, procured its filing or its approval by another justice of the court, nor that he gave any direction to accomplish these things. The order, therefore, may not be sustained on these grounds nor on the grounds recited in the order of contempt, which grounds are not those with which McArthur was

charged in the order to show cause which initiated the proceeding. There is evidence that McArthur gave advice respecting the December 6, 1929, order. There is no evidence that McArthur acted in bad faith. As an attorney he had the right to give advice to his client, the surety company, with respect to what he deemed to be the effect of the language in the order of December 6, 1929, and, even though that advice was erroneous, he may not be held in contempt for having given it to his client, the surety company, unless it appears that he did not limit himself to the giving of advice as to the validity of the order but went beyond that and advised a disregard of or disobedience of the order. The evidence does not suffice to sustain a holding that he did advise a disregard or disobedience of the order. The record requires a holding that he limited himself to the giving of advice as to the meaning of the language of the order of December 6, 1929. This he had a right to do without being placed in jeopardy in contempt proceedings. (*Oakley* v. *Cokalete*, 16 App. Div. 65; *Sidway* v. *Sidway*, 156 id. 375; *Matter of Noyes*, 121 Fed. 209; *Leber* v. *United States*, 170 id. 881; 13 C. J. 41, § 54.)

The order adjudging appellants in contempt should be reversed upon the law and the facts, without costs, proceeding dismissed, without costs, fine remitted as to the corporate appellant, and the individual defendant discharged.

LAZANSKY, P. J., RICH, KAPPER, HAGARTY and CARSWELL, JJ., concur.

Order adjudging appellants in contempt reversed upon the law and the facts, without costs, proceeding dismissed, without costs, fine remitted as to the corporate appellant, and the individual defendant discharged.