164 So. 298

Ex parte BENNETT.

8 Div. 675.

Supreme Court of Alabama.

Nov. 21, 1935.

David A. Grayson, of Huntsville, for petitioner.

Walter J. Price and Francis Esslinger, both of Huntsville, for respondent.

FOSTER, Justice.

This is an original petition to this court and prays for a writ of prohibition to the judge of the circuit court of Madison county. From the petition it appears that a bill in equity was filed to vacate certain conveyances by A. B. Cowan, on the ground of insanity. It was filed in the name of A. B. Cowan, by Mary E. Cowan as next friend. One of the respondents filed a plea in abatement, and thereby sought to test the fitness of Mary E. Cowan to be the next friend. There are two reasons so asserted why she is disqualified to act in that capacity; one is that she is the wife of A. B. Cowan, and, by becoming his next friend in that suit, she makes herself his surety for the costs which may be taxed against complainant, and the other is that she has no property subject to execution for costs.

Complainant demurred to this plea, which the court sustained. The respondent, who filed the plea, now presents this petition for prohibition.

We cannot approve the form in which the question is sought to be presented either in the circuit court or in this court. A plea in abatement goes to the present right to maintain the action. To sustain the plea results in a dismissal of the action. 49 Corpus Juris 244, § 309.

If the next friend is disqualified, the suit need not be dismissed but another may act who is qualified. Such objections are usually made in the interest of the complainant. 32 Corpus Juris 775, § 602. But if the disqualification is such as affects the rights of respondent, we see no reason why he could not present the question by a petition setting out the disqualification and how it is prejudicial to him.

■ A demurrer to a plea in equity is not good practice; but its sufficiency is properly tested by having it set down for hearing. But if it is thus irregularly tested without objection, this court will treat it as though the proper practice had been pursued. Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514.

■ Again prohibition is not appropriate to review the ruling of the court when it was acting within its jurisdiction, although an emergency review of some important procedural matter may sometimes be had by mandamus, but not by prohibition. Ex parte Minchener, 211 Ala. 172, 100 So. 98; Ex parte Cox, 230 Ala. 656, 162 So. 670; Ex parte Green, 221 Ala. 298, 129 So. 72; Id., 221 Ala. 415, 129 So. 69; Ex parte Fletcher, 225 Ala. 139, 142 So. 30.

■ Regardless of the merits of the contention in respect to the qualifications of the next friend, we could not grant the petition in this proceeding. But that we may not be in the attitude of approving the merits of the contention, it is not inappropriate to express ourselves in that respect. Section 6519, Code, provides that persons of unsound mind may sue by next friend. A complication may arise if some one acts as next friend for a complainant who has not been adjudged insane, and who may appear and deny that fact. Whetstone v. Whetstone's Ex'rs, 75 Ala. 495.

But we are not here concerned with the prospect of that situation arising. The contentions are specific. We have stated them. Others need not be considered.

■ Section 8272, Code, prohibits the wife to become surety for the debt of her husband. It is our judgment that, though she may be taxed with the cost of the suit because she has voluntarily assumed to be the next friend of her husband in a suit begun in his name by her as next friend, the liability is not that of a surety, assuming for the argument that section 8272, Code, applies when the husband is insane. The cost is not taxable against the husband at all in such a suit, but it is only taxable against the next friend. Cook v. Adams, 27 Ala. 294; Cooper v. Maclin's Heirs, 25 Ala. 298; Riddle v. Hanna, 25 Ala. 484; Thomason v. Gray, 84 Ala. 559, 4 So. 394.

■ The court, having jurisdiction of the estate of the non compos mentis, has the right to cause the next friend to be reimbursed, upon a consideration of the circumstances. Ward v. Mathews, 122 Ala. 188, 25 So. 50; 32 Corpus Juris 793, § 660, notes, 39 and 40; Cook v. Adams, supra. The next friend is necessary, not alone to have one against whom judgment for cost may be rendered, but to employ counsel and conduct the litigation, for one who is incompetent to do so in his own person. Whetstone v. Whetstone, supra; Thomason v. Gray, supra.

■ The second contention is also without merit in our opinion. There is no requirement in Alabama that a litigant, or one who acts for him, shall be financially responsible for costs as a condition to the use of the courts as such a litigant. The qualifications of a next friend, on objection by a respondent, do not extend to her financial status, but are satisfied if she is a resident of Alabama, and one against whom judgment for costs may be legally rendered. The law does not require suretyship for costs by one financially able to pay as a condition to a suit by a non compos mentis. There are other qualifications which affect the rights of the non compos mentis, but with which respondents have no concern. See 32 Corpus Juris 774, § 596.

We think, therefore, that petitioner is not entitled to a writ of prohibition, and it is denied.

Writ denied.

GARDNER, BOULDIN, and BROWN, JJ., concur.