198 So. 850

**Ex parte CONNOR et al.**

**6 Div. 762.**

Supreme Court of Alabama.

Nov. 28, 1940.

Rehearing Denied Dec. 12, 1940.

James H. Willis and John S. Foster, both of Birmingham, for petitioners.

330

Chas. W. Greer and Frank Bainbridge, both of Birmingham, for respondents.

THOMAS, Justice.

■ The petition was for a writ of prohibition by respondents in motion to punish for contempt for the violation of writs of injunction. On the hearing of the cause the petition was amended by adding the ground that the writs of injunction· issued by the circuit judges were vague, indefinite, and so uncertain as that the respondents could not understand the same. If this were true, it might constitute a defense to a contempt proceeding, but would not constitute a reason for granting the writ of prohibition. This defect, if such it was, would not go to the jurisdiction of the court in the granting of such a writ; and would not amount to the giving of a writ to warrant an abuse of power by the circuit judge, as affecting the enforcement of the Birmingham ordinance. City of Birmingham Code for 1930, p. 294, § 5854; Ex parte Vaughn, 205 Ala. 296, 87 So. 792.

■ The writs being examined are found not to be vague, indefinite and wanting in sufficient information to the respondents to obey. They were to restrain respondents from seizing the film duly indicated and held by a theatre; from interfering with the operation of same within the theatre in exhibition of the film; from harassing and molesting the petitioners in and about its exhibition, and from placing policemen in front of the theatre and preventing the public from entering therein for the purpose of viewing the film. Even if a part of Judge Denson's writ was so vague as to be a nullity, this would not justify a violation of the valid parts thereof. 32 C.J. pp. 367–369, §§ 619–621–622; Liquor Control Commission v. McGillis, 91 Utah 586, 65 P.2d 1136, 1140; In re Landau, 230 App.Div. 308, 243 N.Y. S. 732, 734, 735.

As stated in the last cited case, "the order, therefore, not being void in its entirety, could not be disregarded with impunity; the remedy to one aggrieved being to seek the elimination of the erroneous provision by an appropriate proceeding, and it was obligatory upon every one * * * to respect the order · until it was modified or set aside."

The observation is properly made that even if the last prescribed condition of one of the writs left it to the respondents to say what was a legal or illegal interference with the exhibition of the picture the foregoing restrictions were concise, clear and readily understood by the respondents.

It should be observed that the answer of Judges Creel, Thompson and Denson set up the facts, which are not controverted, and, therefore, must be taken as true.

■ Section 8312(1) of Michie's Code did not contemplate an illegal activity or attempt to authorize a municipality to engage in an unauthorized act; and when enjoined therefor, the respondents may not challenge the jurisdiction of the issuing court or judge on the ground that the activities in question were but rational attempts to enforce an ordinance. Counsel aptly observe as to this that when an attempt is made to restrain a municipality from enforcing an ordinance in the only way it can be enforced legally, notice is required. Code, § 8312(1). In the instant case the law authorized the city to enforce its ordinances having application. If there was a violation thereof, the enforcement could be made effective by a fine or imprisonment, or both. The ordinance urged as having. application did not authorize the seizing of the property in question or padlocking the doors of the instant theatre. The matter resolves itself into the observation by the appellate court of another jurisdiction that a statute requiring notice of an application for a temporary injunction to restrain the enforcement of a municipal ordinance, does

not require notice to restrain the municipality from committing unlawful acts thereunder. Hobbs v. Amador & Sacramento Canal Co. and others, 66 Cal. 161, 4 P. 1147.

Many authorities in this and other jurisdictions are to the effect that it is only when a court has no power to hear, or has no jurisdiction over the matters of the proceedings, and over the parties, that it cannot make an effective order for injunction. Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 544, 68 So. 971; Ex parte Stickney, 40 Ala. 160. When a court has the right to decide as to its own jurisdiction, its decision in favor of that jurisdiction within its ordinary powers is conclusive of its right to proceed. Toy Toy v. Hopkins, 212 U.S. 542, 29 S.Ct. 416, 53 L.Ed. 644; Carter et al. v. Mitchell et al., 225 Ala. 287, 142 So. 514.

The subject in this and other jurisdictions was discussed in the case of Board of Revenue of Covington County v. Merrill, supra [193 Ala. 521, 68 So. 978], as follows:

"In Ex parte Stickney, supra (40 Ala. 160), it is stated that one cannot purge himself of contempt by showing that the court had no jurisdiction of the particular suit, where the court is one of general jurisdiction and the suit is one within the scope of its jurisdiction. The learned justice makes a distinction between the two phrases 'scope of its jurisdiction' and 'jurisdiction to entertain such a suit.' The court must have jurisdiction of the subject-matter (the right to entertain the suit) before the right of punishment attaches for a disobedience of the court's orders or for an interference with the properties in the hands of the court. [Parenthesis supplied.]

"In Old Dominion Telegraph Co. v. Powers et al., 140 Ala. 220, 37 So. 195, 1 Ann.Cas. 119, this court passed on the question before us, declaring that: 'Where the court is without jurisdiction, it logically follows that there can be no contempt in the disobedience of a void order. The proposition that, where the injunction is void for want of jurisdiction in the court, the defendant cannot be punished by contempt proceedings for disregarding it, is supported both on reason and authority.'"

With this general understanding of the decisions of this court pertinent

to the subject at hand, and the right to assume jurisdiction by a court and exercise the power of injunction, we will observe that notice of an application for a temporary injunction against a municipality is necessary where it is sought to enjoin the enforcement of an ordinance; but the notice is not required by the statute in a case where the effort in court is to enjoin an alleged improper manner of enforcing its ordinance. Such statute does not apply. In that event the ordinary rules applicable to the issuance of injunctions generally apply wherein irregularities do not deprive the court of jurisdiction. Rochell v. City of Florence, 236 Ala. 313, 182 So. 50; Gen.Acts Ala.1927, p. 64, Act No. 84; Michie's Code, § 8312 (1). And it is established that errors or irregularities in court procedure cannot be corrected by a writ of prohibition. Ex parte Bennett, 231 Ala. 223, 164 So. 298; Ex parte Seals Piano Co., 190 Ala. 641, 67 So. 240.

In Ex parte Bennett, supra [231 Ala. 223, 164 So. 299], Mr. Justice Foster for the court observed: "Prohibition is not appropriate to review the ruling of the court when it was acting within its jurisdiction, although an emergency review of some important procedural matter may sometimes be had by mandamus, but not by prohibition. * * *"

The complainants sought by their pleadings to present and protect in the chancery division of the circuit court the question of due process as to their property and their property rights as against an alleged and improper enforcement of the ordinance against the right use of said property. Said Complainants did not seek to enjoin a legal and proper enforcement of the city ordinance in question, of which we take judicial notice. Birmingham Code 1930, p. 294, § 5854. The said ordinance gave no right of seizure, etc., which action was sought to be enjoined and prevented by the injunction.

When the respective pleadings, aided by exhibits are considered [Grimsley v. First Ave. Coal & L. Co., 217 Ala. 159, 115 So. 90], we are of the opinion and hold that the writ of prohibition should be, and the same is, hereby denied.

Writ of prohibition denied.

FOSTER, BROWN, KNIGHT, and LIVINGSTON, JJ., concur.

GARDNER, C. J., and BOULDIN, J., dissent.

GARDNER, Chief Justice, and BOULDIN, Justice (dissenting).

Our disagreement with the majority opinion is based upon the invalidity of the injunction writ issued without regard to the prohibitions contained in Section 8312(1), Michie's Code, 1928, held as a valid exercise of legislative authority in Rochell v. City of Florence, 236 Ala. 313, 182 So. 50.