■ C. MALCOLM DOWSEY, Appellant, v. YVONNE C. DOWSEY, Respondent.— These appeals are from two orders of the Supreme Court, St. Lawrence County one of which found appellant guilty of contempt of court for failure to pay alimony and deliver the custody of an adopted infant to the respondent, and committed appellant to the county jail. The other order appealed from denied a motion of appellant to modify an order, made on December 7, 1956, by striking therefrom a provision awarding custody of the infant to the respondent. The action herein is one for the annulment of a marriage, or a separation. When the action was begun in 1956 the parties were the adoptive parents of a child that had been adopted pursuant to an order of the St. Lawrence County Court dated July 23, 1953. On December 7, 1956 an order was made in the present action awarding to the respondent temporary custody of the child. So far as appears the separation action has never been tried although commenced some time in 1956. The proceeding leading to the contempt order was initiated by an order to show cause, dated December 2, 1958 which directed appellant to show cause why he should not be held in contempt for failure to pay temporary alimony and failure to abide by the custody provisions of the order of December 7, 1956. This order to show cause also summarily directed appellant to produce on the return of the motion the adopted infant "for a determination as to the alleged violation of the custody order". The return day of this order to show cause was December 16, 1958. Prior thereto and on the 14th day of November, 1958, the County Court vacated and declared void *ab initio*, the order of adoption granted on July 23, 1953, and directed the surrender of the infant to the natural mother. If this order of vacatur was correctly made then neither the appellant nor respondent on this appeal was entitled to custody of the child on the return day of the motion. We have since decided, contemporaneously with this decision, that the order of vacatur by the County Court was improperly made and in conflict with an order of the Supreme Court. We advert to this matter because it is one of the arguments of appellant that the order of vacatur by the County Court left the Supreme Court without jurisdiction as an incident to the matrimonial action to deal with custody of the child. We have disposed of this phase of the matter by our decision reversing vacatur order of the County Court in the adoption proceeding (*Matter of Burde*, 7 A D 2d 344). However we think the contempt order was improvidently granted. When the same was made there was extant an order of the County Court vacating a previous order of adoption, upon which the appellant herein may have placed reliance. And also despite the wording of the contempt order it is somewhat doubtful whether appellant was held in contempt for his failure to abide by the custody order of December 7, 1956, or rather adjudged guilty because of his failure to produce the child on the return day of the order to show cause. Contempt proceedings of this character are statutory and are to be construed *stricti juris* (*Matter of Landau*, 230 App. Div. 308) and in conformity with section 757 of the Judiciary Law. Where there is any doubt about the matter the appellant we think should be given the benefit of the doubt. The proper procedure we think would have been the issuance of an

order directing appellant to show cause why he should not be punished for contempt for failure to obey the custody order of December 7, 1956, without complicating the matter by a summary direction to produce the child in court on that date, especially in view of the fact that an order of the County Court vacating the order of adoption was still extant. We understand that no controversy now exists between the parties as to the payment of alimony and this appeal is solely concerned with the custody of the infant. The contempt order is reversed, without costs and without prejudice. We find no persuasive grounds to reverse the other order appealed from, which denied appellant's motion to modify the order of December 7, 1956 by striking therefrom the custody provision, and this order is accordingly unanimously affirmed, with $10 costs to respondent. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.