(20 Misc. Rep. 206.)

OAKLEY v. COKALETE.

(Supreme Court, Special Term, Kings County.   April, 1897.)

1. CONTEMPT—DISREGARDING STAY ORDER.
    It is a contempt for an attorney to move a case for trial after an order
    staying proceedings in the action had been served on him, without first
    applying ex parte to the judge who granted the stay, or to the court, on
    notice, to vacate it, as required by Code Civ. Proc. § 772;   and it is an
    aggravation of the contempt to get the court to vacate the stay without
    notice at the time of moving the case for trial.

2. MOTIONS—TIME OF NOTICE.
    Gen. Rule Prac. 37, relating to notice of motions at "trial terms," does
    not apply to motions made at special term.

Action by Mahlon B. Oakley against John S. Cokalete.   After the
case had been noticed for trial, an order was granted to show cause

why plaintiff should not have leave to serve an amended complaint, and staying proceedings until the hearing thereon. Defendant's attorney, in disregard of the stay, moved the cause for trial on the day for which it had been set. Plaintiff now moves to punish said attorney for contempt. Granted.

Silas J. Owens, for the motion.

D. W. Travis, opposed.

GAYNOR, J. I have carefully read the papers upon this motion, and much regret what they disclose and that I have to take notice of it. No objection is presented to their regularity or sufficiency, nor is any defect in them pointed out, but the motion is argued and submitted upon facts disclosed upon the merits. The order to show cause was retained by the defendant's attorney, but the stay in it was intentionally disregarded. If it was irregular, and he did not wish to abide by it, he was free to apply ex parte to the judge who made it to vacate it, or to the court, but only upon notice, for the same relief. Code Civ. Proc. § 772. Instead, he chose to disregard it, and move the case for trial. To get the court at the same time to vacate the stay of the order to show cause without notice added to his misconduct. Koehler v. Bank, 17 Civ. Proc. R. 307, 6 N. Y. Supp. 470. The only suggestion in the nature of an excuse which has been made is that the stay of the order to show cause violated rule 37, and did not have the effect of staying the trial; but that rule in plain terms relates only to trial terms. It does not embrace special terms, and before its recent amendment it only embraced circuits and the trial terms of the superior city courts. The constitution, the Code of Civil Procedure, and the rules of practice all specify special terms and trial terms, and show that each designation has its meaning, and that neither includes the other. That the order to show cause was for more than eight days was not contrary to the said rule, nor to section 780 of the Code. I also regret to notice the extraordinary affidavit of the clerk deputized to attend at the Westchester December term of the court, and prefer to believe that it was an act of forgetfulness or inadvertence upon his part. The motion to punish for contempt is granted, and let the attorney pay a fine of $100, or stand committed to the county jail for 10 days.

Motion granted.