---

(36 App. Div. 57.)

### WALLACE v. THIRD AVE. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. JOINT TORT FEASORS—DISMISSAL OF ACTION AGAINST CO-DEFENDANT.
    A joint tort feasor cannot complain of the dismissal of the complaint as to his co-defendant.
2. STREET-RAILWAY COMPANY—INJURY TO PASSENGER—EVIDENCE.
    Where the evidence on the part of plaintiff tended to show that defendant's car, as it approached a crossing, was brought nearly or quite to a stop, to allow plaintiff's intestate to step aboard; that, after he had partially entered, the car, without any notice to him, was suddenly started with a jerk, throwing him to the ground, causing the injuries complained of,—it was not error to refuse to dismiss.
3. SAME—QUESTION FOR JURY.
    It is not error to refuse to dismiss, where plaintiff's evidence shows that the injuries complained of were caused by negligently starting the car with a jerk after her intestate had boarded the same, and defendant's evidence shows that he fell before reaching the car.
4. BOARDING MOVING CAR—CONTRIBUTORY NEGLIGENCE.
    Attempting to enter or leave a moving street car is not contributory negligence per se.
5. SAME—INSTRUCTIONS—CORROBORATION OF PLAINTIFF BY DEFENDANT'S WITNESSES.
    A request to charge that, if the accident happened as testified to by defendant's witnesses, the verdict should be for defendant, is properly refused, where the testimony of some of such witnesses tends to corroborate plaintiff's witnesses.
6. DEATH BY WRONGFUL ACT—DAMAGES.
    A verdict of $9,000 is not excessive, where deceased at the time of his death was 43 years of age, in good health, received a salary of $1,250 a year, and left five children, who had been dependent upon him for support.

Appeal from trial term.

Action for damages for personal injuries brought by Mary Wallace, as administratrix of Thomas Wallace, deceased, against the Third Avenue Railroad Company and another. From the judgment entered

upon the verdict, and from an order denying a motion for a new trial, the Third Avenue Railroad Company appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Nathan Ottinger, for appellant.
Edward C. James, for respondent Mary Wallace.
Grant C. Fox, for respondent David Mayer Brewing Co.

McLAUGHLIN, J.    On the 18th of May, 1897, Thomas Wallace, in attempting to board one of the cars of the defendant railroad at the intersection of Third avenue and Eighty-Fourth street, in the city of New York, was run over by a wagon of the defendant brewing company, and so injured that he died within a few hours thereafter.    This action was brought to recover the damages alleged to have been sustained by the next of kin, upon the ground that his death was caused by the negligence of the defendants.    Upon the trial, at the close of the plaintiff's case, a motion was made by each defendant to dismiss the complaint, which was granted as to the brewing company, but denied as to the other defendant.    A similar motion was also made by the railroad company at the close of the case, and denied.    The jury rendered a verdict of $9,000; and from the judgment entered thereon, and from the order denying a motion for a new trial, the railroad company has appealed.

We are asked to reverse the judgment on the ground that the trial court erred in denying the motions made by the railroad company to dismiss the complaint, and in submitting the case to the jury.    It is unnecessary to determine whether the complaint was properly dismissed as to the brewing company, for the reason that the plaintiff has not appealed, and the defendant railroad company cannot complain of the judgment in that respect, since its rights were in no way affected by it.    If the deceased lost his life by the negligence of both defendants, then the plaintiff had the right to maintain the action against either or both of them.    Both were not necessary parties to the action, for the reason that there was a separate liability as well as a joint one.    Creed v. Hartmann, 29 N. Y. 591; Wehle v. Butler, 61 N. Y. 245; Weidman v. Sibley, 16 App. Div. 616, 44 N. Y. Supp. 1057.    The question then remains, did the trial court err in refusing to grant the motion made by the defendant railroad company to dismiss the complaint as to it?    After a careful consideration of the record, we are satisfied that the ruling was correct.    The evidence on the part of the plaintiff tended to show that the defendant's car as it approached the crossing was brought nearly or quite to a stop, for the purpose of enabling the deceased and another person to step aboard, and that while the deceased was in the act of doing so, and after he had partially entered the car, the car, without any notice to him, was suddenly started with a jerk, and he was thereby thrown from it to the ground, and run over by the brewery wagon, which happened to be passing at that time.    This is substantially what the plaintiff's witness Curran testified, and he was corroborated by the plaintiff's witnesses Stanley and Kamper.    This being the situation

at the close of the plaintiff's case, it requires neither argument nor authority to show that the motion to dismiss was properly denied. It was the duty of the railroad company, while the deceased, to the knowledge of its servants, was entering the car, either not to start the car until he had reached a place of safety, or else so to start it that he would not be injured (Akersloot v. Railroad Co., 131 N. Y. 599, 30 N. E. 195); and whether it performed its duty in this respect was, under the evidence then presented, for the jury to determine. Neither do we think the court erred in refusing to dismiss at the close of the case. The evidence of the defendant tended to show that the deceased did not get on the car, and was not thrown from it, but that he slipped and fell before he reached it. This is substantially what the defendant's witness Gorman, the conductor of the car, testified; and he was corroborated to a certain extent by some of the defendant's other witnesses. With this conflict of testimony existing at the close of the whole case, it can readily be seen that a question of fact was presented, which was properly submitted to the jury for determination.

The question of the deceased's contributory negligence was also properly submitted to the jury. It cannot be said, as matter of law, that a person is, under all circumstances, negligent, if he attempts to enter or leave a street car while it is in motion. It depends entirely upon the speed of the car, and the question when presented is usually for the jury to determine. Eppendorf v. Railroad Co., 69 N. Y. 195; Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937.

The appellant also insists that the learned trial court erred in refusing to instruct the jury that, if they believed "the accident happened in the manner described by the defendant's witnesses, their verdict must be for the defendant." We think this request was properly refused. The testimony of some of the defendant's witnesses—notably, that of Seidel—tended to corroborate the plaintiff's witnesses as to the manner in which the deceased was injured. Seidel testified that the car started up just a little, and the deceased fell from the step. The jury might, therefore, well have believed the testimony given by some of the defendant's witnesses, and still have rendered a verdict in favor of the plaintiff. Other errors are alleged, both as to the charge as made and to refusals to charge, but they are without merit, and do not need consideration.

Finally it is urged that the damages awarded by the jury are excessive. We do not think so. The deceased at the time of his death was 43 years of age, in good health, and receiving a salary of $1,250 a year from the city of New York; he being at the time a member of the police force of that city. He left, him surviving, five children, all dependent upon him for support; the oldest, a daughter, 21 years of age, and the youngest, a son, 10 years of age. Under such circumstances, a verdict of $9,000 cannot be said to be excessive.

No error was committed by the trial court as to the admission or rejection of evidence; and the case was submitted to the jury, both upon the question of the defendant's negligence and the deceased's contributory negligence, by a charge which was entirely fair, and not in any way subject to the criticisms made by the defendant. The ver-

dict is not against the weight of, but is sustained by, the evidence; and it therefore follows that the judgment and order should be affirmed, with costs to the respondents.    All concur.