GEORGE D. BERRY, Appellant, *v.* THE UTICA BELT LINE STREET RAILROAD COMPANY, Respondent.

*Negligence — injury, to one getting upon the step of a street railway car, from a barrier erected within a few inches of the car — acceleration of the speed of the car before the passenger had time to enter it.*

In an action to recover damages for personal injuries it appeared that the plaintiff, being desirous of boarding one of the defendant's street cars, at about eleven-forty-five on an August evening, signaled the motorman to stop; that, after the car had slowed down in response to his signal and while it was still in motion, he got upon the step and that, before he had time to fully enter the car, the motorman released the brakes, the speed of the car was accelerated and the plaintiff was struck and swept from the car by a barrier, which had been erected by a third person across the street at right angles to the defendant's tracks. The barrier consisted of a heavy plank set in crotches five or six feet from the ground, the end of which extended to within a few inches of the defendant's car. The barrier had been in the position described for a day or two previous to the accident and the plaintiff had seen it on the day before and knew of its location and character. There was an electric light on the street corner which would have enabled the plaintiff to see the barrier had he looked, but he testified that, when he attempted to enter the car, he did not see it nor think of its existence.

*Held*, that the question of the defendant's negligence and of the plaintiff's contributory negligence should have been submitted to the jury, and that it was error for the court to dismiss the complaint.

WILLIAMS, J., dissented.

APPEAL by the plaintiff, George D. Berry, from a judgment of the County Court of Oneida county in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 15th day of February, 1902, upon the dismissal of the complaint by

direction of the court at the close of the plaintiff's case upon a trial at a Trial Term of said court.

*P. H. Fitzgerald,* for the appellant.

*Walter N. Kernan,* for the respondent.

McLENNAN, J.:

This action was commenced on the 15th day of September, 1901, to recover damages for injuries sustained by the plaintiff by being thrown from one of defendant's cars at about eleven forty-five o'clock in the evening of August 21, 1901, alleged to have been caused through the negligence of the defendant.

The defendant is a domestic street railroad corporation, and at the time in question was operating cars upon its railroad, which, among other places, extended upon and along Seymour avenue in the city of Utica, N. Y. The plaintiff was desirous of taking passage on one of defendant's cars where Seymour avenue is crossed by Leah street in said city, to go downtown or toward the center of the city. As the plaintiff saw the car approaching he walked out into Seymour avenue and stood close to the tracks, about eight or ten feet north of the south side of the street. When the car was about one hundred feet away from him he motioned to the motorman to stop; the motorman applied the brake and the car slowed up. When the rear end of the car got opposite to where the plaintiff stood, it being still in motion, he took hold of the handle or end rail and stepped upon the step. Before he had time to fully enter the car the motorman released the brake, the speed of the car was accelerated and the plaintiff was struck by a barrier which had been erected by some one other than the defendant across Seymour avenue, and at right angles to defendant's tracks. This barrier consisted of a heavy plank which was set in crotches five or six feet from the ground, and the end of which extended to within a few inches of defendant's car. The plaintiff struck his shoulder against the end of the plank, was thrown to the ground and sustained the injuries of which he complains. The barrier had been in the position described for a day or two previous to the accident, and while defendant's cars were being constantly operated upon the street in question. There was an electric light at the corner of Seymour

avenue and Leah street, which would have enabled the plaintiff to see the barrier had he looked, and the situation as it actually existed. In fact, the plaintiff had seen the barrier or plank extending across the street on the day previous to the accident, and knew of its location and character. The plaintiff testified that at the moment of attempting to enter the car he did not have the barrier in mind; had no recollection or thought of its existence; that he did not see it, and his attention was in no manner called to it at the time.

Upon these facts, which are the only ones material to the questions involved upon this appeal, the plaintiff was nonsuited, and from the judgment thus entered this appeal is taken.

Of course, only two questions are presented: *First,* was the defendant guilty of negligence which caused the injury? and, *second,* was the plaintiff guilty of negligence which caused or contributed to the accident?

From the fact that the barrier in question had been for more than a day in the same position that it was at the time of the accident, it must be presumed that the defendant knew, or ought to have known, of its existence. The end of the plank extending to within three or four inches of the side of the car, it is evident that any one riding upon the car who had not fully entered the same was in danger of being struck; that a person whose body was not wholly within the line of the outside of the car was almost certain to come in contact with the end of the plank. Under these circumstances, we think the question of defendant's negligence became one of fact, which at least should have been submitted to the jury for its determination.

Would a person of even ordinary care and prudence, who observed the plaintiff getting upon the steps of a moving car, immediately increase its speed when within only a few feet from such a dangerous obstruction, without giving him an opportunity to get out of the place of danger? We think the question must be answered in the negative; at least the evidence presents a state of facts which makes the question one which should properly be answered by a jury.

It is urged that the plaintiff was himself guilty of contributory negligence, and, therefore, is not entitled to recover. We think, under the circumstances disclosed by the evidence, it cannot be said,

as matter of law, that the plaintiff was guilty of contributory negligence.   The only criticism made upon plaintiff's action is that he got upon the car before it came to a full stop, when he knew, or might have known, that the barrier with which he came in contact was close at hand.

We think it can hardly be said that the plaintiff was guilty of negligence in not having in mind at the time the fact that a barrier was across Seymour avenue, simply because he had seen it on the day previous, or because he might have seen it at the time in question had his attention been called to it, and failed to do so.   He was intent upon boarding the car; was waiting for it; had signaled the motorman to stop, and had a right to assume that the car would be operated in the ordinary way, and could be used in the manner which it is customary for travelers to use street cars.   According to plaintiff's testimony, when he attempted to board the car it had so nearly stopped that it was safe for him to get upon it.  We think he was not called upon to apprehend that its speed would be greatly accelerated before he had time or opportunity to get fully upon it, and so to be out of danger of obstructions projecting to within a few inches of the side of the car.

In the case of *Sexton* v. *Metropolitan Street R. Co.* (40 App. Div. 26) it was held that a person who boards a street car while it is moving very slowly is not guilty of negligence, as matter of law.

In *Eppendorf* v. *Brooklyn City & Newtown R. R. Co.* (69 N. Y. 195) the head note is as follows: " It is not under all circumstances negligence, as matter of law, for a person to get upon a street car while in motion.   In exceptional cases, where the conditions are unfavorable, it may be so, but ordinarily it is a question of fact for the jury."

Defendant's employees made no objection to the plaintiff's getting upon the car at the place where he did.   He was accepted there as a passenger, and immediately after he got upon the step of the car the speed was greatly increased, no thought apparently being given to the safety of the plaintiff, or whether he would be able to reach the platform of the car safely or not.   No injury would have resulted, and the plaintiff could not have apprehended any danger in getting upon the car, at the rate it was moving, provided he had

been given a reasonable opportunity to reach the platform before the speed of the car had been increased.

Whether or not the plaintiff was guilty of contributory negligence was a question of fact for the jury.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide event.

SPRING, HISCOCK and DAVY, JJ., concurred; WILLIAMS, J., dissented.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event.