KRIEDERMACHER v. UNION RY. CO. OF NEW YORK CITY.

(City Court of New York, Trial Term. April, 1908.)

CARRIERS—STREET RAILROADS—BOARDING—CONTRIBUTORY NEGLIGENCE.

While plaintiff was attempting to board a slowly moving car, its speed was accelerated and he was struck and injured by a car on an adjoining track, which he had seen. He did not indicate his desire to board the moving car. He admitted that the interval of time between his placing his foot on the running board and the collision was very brief, and that

the space between the cars was not wider than a hand. *Held* that, if the injury resulted from any negligence, it was plaintiff's more than the company's, preventing recovery from it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1369.]

Personal injury action by Herman Kriedermacher against the Union Railway Company of New York City. The complaint having been dismissed, plaintiff moves for a new trial. Motion denied.

Emanuel Cohen, for plaintiff.

J. L. Quackenbush, for defendant.

FINELITE, J. This is the reargument of a motion for a new trial. The action came on for trial before the court and a jury. At the close of plaintiff's case the complaint was dismissed. The plaintiff sued to recover $2,000 damages for personal injuries alleged to have been received on September 28, 1905, while attempting to board a car at Webster avenue and 198th street. The defendant's motion to dismiss was made on the following grounds: (1) That the plaintiff failed to prove a cause of action; (2) that plaintiff failed to show defendant's negligence; (3) that plaintiff failed to show his own freedom from contributory negligence; (4) that plaintiff failed to prove that defendant operated the car which caused the accident.

Taking up the question whether the plaintiff proved the negligence of the defendant and his own freedom from contributory negligence, an examination of the evidence shows that he descended the stairs of the Third Avenue Elevated line at its terminal to get a Mt. Vernon car. "It came in slowly from New York." As he came down the stairs he saw a Fordham car standing upon another track. As the Mt. Vernon car was moving along slowly, the plaintiff put one foot on the running board of the car and grasped the side bar with his hands. While in this position the car went faster before he could get inside the body of the car. He also testified that "I was already then at the other car," meaning the Fordham car, standing stationary, with which he came in contact, and was thrown and injured. It appears from the evidence that the car which plaintiff attempted to board came to a stop, and the conductor of said car came back to the plaintiff, who was sitting on the running board of the Fordham car with his feet upon the ground. There is no evidence that the plaintiff signaled the car or indicated his desire to board it. There is no evidence that the motorman or conductor of the car saw plaintiff at that time, or slowed down. The only evidence is that the "car came in slowly from New York." There is evidence that the conductor was on the front board of the car; that the plaintiff knew he was the conductor from the fact that he walked "up and down, to and fro, on the running board of the car and collected the fares." This was the only evidence of what the conductor was doing at the time. The plaintiff's testimony is that the accident happened "in too short a time," and that as he put one foot on the running board of the Mt. Vernon car he was already at the Fordham car. "They (the Mt. Vernon and Fordham cars) were so nearly approached to each other that you could not put a hand through. There was not more room than to go through with.

a hand." "I was knocked down between the two cars." The language quoted is verbatim that of the plaintiff on his direct examination.

To support his contention that a new trial should be granted, plaintiff cites the case of Morrison v. B. & S. A. R. R., 130 N. Y. 166, 170, 29 N. E. 105. The facts of that case were: A man 76 years old, unincumbered, signaled a car which was passing at the usual speed on defendant's road on a crowded street. The brake being applied, the car slowed up, but did not entirely stop. Plaintiff caught hold of the rail of the rear platform with both hands, and as he put his foot upon the step the brake was released and the car started with a sudden jerk. His feet were thereby thrown from the step. He was dragged along for a distance and injured. In an action to recover damages the court held that the question of defendant's negligence and plaintiff's contributory negligence were questions of fact, and so were properly submitted to the jury; that the fact that the car was moving slowly when plaintiff was attempting to get on did not establish contributory negligence as a matter of law. At page 167 of 130 N. Y., page 106 of 29 N. E., the court says:

"The fact that the car was in motion when the plaintiff proceeded to step on it was one for consideration on the question whether he voluntarily assumed the hazard of safety in getting on board at the time he attempted to do so."

To the same effect are numerous citations in plaintiff's briefs, in each of which cases the proximate cause of the injuries was the acceleration of the speed of the car in question. In order to make these cases authoritative plaintiff quotes from the testimony:

"Q. Mr. Kriedermacher, the speed at which the car was going at the time you boarded it, had it remained at that speed would you have been enabled to have boarded the car before that car had reached the Fordham car? A. Yes."

This is the only evidence on the acceleration of the speed of the car, and his statement that he could have reached a place of safety if it were not for the acceleration of the speed of the car is merely a conclusion of the witness of what he might have done under different circumstances, which he assumed. The facts, however, do not warrant such a conclusion.

The case of Moylan v. Second Ave. R. R., 128 N. Y. 583, 27 N. E. 977, is of particular interest. That was an action to recover damages for injuries sustained by plaintiff while attempting to board a car of the defendant. Plaintiff was a young man 26 years old, able-bodied and unincumbered. He waited for one of the defendant's open cars upon a crosswalk and motioned for it to stop. When it had nearly stopped he put his foot on the step on the side of and near the middle of the car and took hold of the stanchion, and after the car had moved six or seven feet he was struck by the wheel of a truck which was standing in the street. It was there held that a refusal to nonsuit was error; that it was plaintiff's duty to see, before getting on the car, that there was no obstacle outside the car which would make it dangerous for him to attempt to get on board; and that, if the injury was

attributable to any negligence, it was in part, at least, that of the plaintiff. The court says, at page 584 of 128 N. Y., page 977 of 27 N. E.:

"It is impossible for us to perceive wherein the defendant was guilty of negligence, or, if it was guilty, wherein it was more guilty than the plaintiff. It was not careless for the plaintiff to attempt to enter the car while it was slowly moving. * * * No negligence can therefore be imputed to the defendant merely because it did not stop the car for the plaintiff. The sole question, therefore, is whether the defendant ought to have guarded the plaintiff against injury from the truck in the street near its track. It was not bound to know that the truck was temporarily there so close to its track that there was danger that a person attempting to get into one of its cars might be injured by collision therewith. * * * The plaintiff, when he attempted to get upon the car, was probably nearer the truck than the conductor was, and he had a better opportunity to see the truck than the conductor had, as it was on the same side of the car with him, near him, in plain sight—in fact, in his immediate presence."

The facts in that case are parallel with those on the motion before me. The plaintiff testified that the accident happened in "too short a time," and that as he put one foot on the running board of the Mt. Vernon car he was already at the Fordham car. "They (the Mt. Vernon and Fordham cars) were so nearly approached to each other that you could not put a hand through. There was not more room than to go through with a hand." "It happened too quick, in too short a time."

Numerous cases are cited which support the proposition that it is not negligence as a matter of law for an intending passenger to attempt to board a moving car. Morrison v. B. & S. A. R. R., 130 N. Y. 166, 170, 29 N. E. 105; Wallace v. Third Ave. R. R., 36 App. Div. 57, 59, 55 N. Y. Supp. 132; Sexton v. Met. St. Ry., 40 App. Div. 26, 27, 57 N. Y. Supp. 577; Kimber v. Met. St. Ry., 69 App. Div. 353, 355, 74 N. Y. Supp. 966; Lobsenz v. Met. St. Ry., 72 App. Div. 181, 182, 183, 76 N. Y. Supp. 411; Clinton v. Brooklyn Heights R. R., 91 App. Div. 374, 376, 86 N. Y. Supp. 932; Eppendorf v. B. C. & H. R. R., 69 N. Y. 195, 25 Am. Rep. 171; Moylan v. Second Ave. R. R., 128 N. Y. 583, 27 N. E. 977; Distler v. L. I. R. R., 151 N. Y. 424, 45 N. E. 937, 35 L. R. A. 762; Savage v. Third Ave. R. R., 29 App. Div. 556, 51 N. Y. Supp. 1066. But the proximate cause of the injuries in the case at bar was not the boarding of the car while it was in motion.

The plaintiff urges the cases of Berry v. Utica Belt Line Co., 76 App. Div. 490, 492, 493, 78 N. Y. Supp. 542, Henderson v. Nassau Elec. Co., 46 App. Div. 280, 61 N. Y. Supp. 690, and Walsh v. Interurban St. Ry., 50 Misc. Rep. 637, 98 N. Y. Supp. 656, as being directly in point. Upon examination of these authorities it will be seen that each presents distinguishing features. In the Berry Case, when the car was 100 feet away from the plaintiff he motioned to the motorman to stop. The latter applied the brake and the car slowed up. When the rear end of the car got opposite to where the plaintiff stood, it being still in motion, he took hold of the handle or end rail and stepped upon the step. Before he had time to fully enter the car the motorman released the brake and the speed of the car was accelerated, and he was struck by a barrier which had been erected by some one other than the

defendant across the avenue and at right angles to defendant's tracks. This barrier consisted of a heavy plank, which was set in crotches five or six feet from the ground, and the end of which extended to within a few inches of the defendant's car. The plaintiff struck his shoulder against the end of the plank, was thrown to the ground, and sustained the injuries of which he complains. The barrier had been in the position described for a day or two previous to the accident, and while the defendant's cars were being constantly operated upon the street in question. There was an electric light upon the corner of the avenue and the street, which would have enabled the plaintiff to have seen the barrier if he had looked, and the situation as it actually existed. At page 492 of 76 App. Div., page 543 of 78 N. Y. Supp., the court says:

"From the fact that the barrier in question had been for more than a day in the same position that it was at the time of the accident, it must be presumed that the defendant knew or ought to have known of its existence."

In that case the defendant was chargeable with knowledge of the existence of the obstacle in the street. In the case before me the only evidence is that there was another car standing there, only temporarily as far as the evidence shows, and the defendant could not be charged with knowledge of its existence at that point at that time, as if it were a stationary structure which it passed and repassed many times daily, as in the Berry Case.

In the Henderson Case the plaintiff was injured by coming in contact with a furniture van standing at the side of the street in such close proximity to the car track as to cause the plaintiff's body to strike the same as the car upon which he was a passenger passed, whereby he sustained injury. The motorman of the car, an open one, which was so crowded that passengers were standing upon the running board, before stopping to receive plaintiff as a passenger signaled a van in front of it to leave the track, which it did, stopping in such a situation as to bring its rear end within two feet of the track. The court held that the defendant had notice of the van upon the track, and by its act it caused the van to go to the side of the street at about the time that it stopped to receive the plaintiff as a passenger; that the defendant was chargeable with notice that the car was crowded, and that the plaintiff and others stood upon the running board; that the van was still in its front, and the motorman of the car, as he passed it, was chargeable with knowledge of the position the van occupied and the small space that was left between it and the car; and that the distance was insufficient for persons standing upon the running board to escape contact with the van unless, observing the same, they bent their bodies inward toward the car. It needs no extended argument to show the points of difference between the facts of that case and the one at bar, where the evidence fails to show any knowledge on the part of the defendant of the position of the Fordham car or knowledge on its part that plaintiff was a passenger or intending passenger on its car. Those cases which hold that it is the duty of the carrier to allow a passenger a reasonable opportunity to board and reach a place of safety without danger of injury from a sudden jerk or starting of the car, rest upon the circumstance that the carrier invites the intending

passenger to board its car and that the element of notice of the passenger's position to the carrier's employés is present. To this effect is· the Walsh Case, supra.

A reading of the testimony, particularly of the excerpts above quoted, ·in the light of the analogous cases controlling, makes plaintiff's ·different contentions forceless, and gives cogency to the inference that the injury sustained by plaintiff seems to have been the result of an accident, which, if due to any negligence, was due more to his own negligence than that of the defendant, and impels the conclusion that the complaint was properly dismissed.

Motion denied. Plaintiff may have 10 days' stay of execution after notice of entry of judgment, and 30 days to make and serve a case.

