IRVING WEINBERG DRESS CO., INC., Respondent, *v.* SAM GOLD-STICKER, Appellant.

Supreme Court, Appellate Term, First Department, March 9, 1926.

**Municipal Court of City of New York — provisions of Civil Practice Act and Rules of Civil Practice are applicable unless otherwise provided in Municipal Court Code — plaintiff's attorney was served with stay of trial issued by justice of another district of Municipal Court on day prior to date stipulated for trial of cause — trial justice vacated stay and permitted inquest on day cause was stipulated for trial — trial justice required under Rules of Civil Practice, rule 155, to disregard stay notwithstanding Civil Practice Act, § 131 — order denying defendant's application to open default affirmed.**

The Municipal Court of the City of New York is a court of record and the provisions of the Civil Practice Act and the Rules of Civil Practice are applicable thereto, and in the absence of some provision to the contrary the practice of the Municipal Court, unless otherwise provided for in the Municipal Court Code, shall conform, as nearly as may be, to the practice in the Supreme Court.

Accordingly, an order denying defendant's application to open a default in an action in the Municipal Court of the City of New York should be affirmed

where, notwithstanding the fact that plaintiff's attorney on the day previous to the date stipulated for the trial of the action in which the default was taken, was served with an order of a justice of another district of said court returnable after the date set for trial, requiring him to show cause why plaintiff should not serve a further bill of particulars, the said stay was vacated and an inquest taken on the call of the case on the day following the service of the order, since rule 155 of the Rules of Civil Practice, providing that an order served less than ten days before the beginning of a term in which an action may be reached for trial shall not stay proceedings unless made by the judge appointed to hold the term, required said trial justice to disregard the stay contained in said order. Although there are no terms, so called, in the Municipal Court, conforming rule 155 of the Rules of Civil Practice as nearly as may be to the practice in the Municipal Court, that rule nullified the stay granted in said order on the eve of the day set for trial, notwithstanding the provision of section 131 of the Civil Practice Act.

APPEAL by defendant from an order of the Municipal Court, Borough of Manhattan, Third District, denying his motion to open his default.

*Henry I. Fillman,* for the appellant.

*Godfrey & Marx* [*Aaron H. Marx* of counsel], for the respondent.

PER CURIAM. In this action to recover for goods sold and delivered the defendant at the time of answering demanded a bill of particulars without specifying any particular items, and in accordance with the demand a bill of particulars was served and accepted.                                                    •

December 23, 1925, about a month after the service of the bill, the cause appeared on the day calendar pursuant to notice of trial.

The day before the case was set for trial an adjournment was requested of plaintiff's attorney; he refused to grant the request and stated that plaintiff would proceed to trial on the following morning.

As plaintiff's counsel was preparing to leave his office, at about a quarter to six P. M., of the day before the trial, an order requiring plaintiff to show cause why plaintiff should not serve a further bill of particulars, with a stay of the trial, was served upon him, said order having been obtained from Mr. Justice HOYER sitting in the first district and made returnable after the date set for the trial. The person who served the paper was told that plaintiff would be ready for trial.

On the call of the trial calendar December twenty-third no one appeared for the defendant, and the stay was then vacated and an inquest taken.

After judgment was entered for eighty-eight dollars and forty-five cents, execution issued and a levy made, defendant applied to

open the default, and from the order denying the application defendant appeals.

Defendant relies upon the provisions of section 131 of the Civil Practice Act for reversal.

That section provides that where an order grants a provisional remedy, it can be vacated only in the mode specially prescribed by law; " in any other case, it may be vacated or modified, without notice, by the judge who made it, or, upon notice, by him, or by the court." It is appellant's contention that Mr. Justice HOYER's order was an order made " in any other case " within the meaning of section 131, and, therefore, the trial court could not, without notice, ignore or vacate the stay granted by Mr. Justice HOYER.

Rule 155 of the Rules of Civil Practice, however, provides that " An order served less than ten days before the beginning of a term in which an action may be reached for trial shall not stay proceedings unless made by the judge who is appointed to hold such a term, nor unless such stay is contained in an order to show cause returnable on the first day of such term, in which case it shall not operate to prevent the subpœnaing of witnesses or placing the cause on the calendar."

It may be asked what have the Civil Practice Act and the Rules of Civil Practice to do with the Municipal Court?

The Municipal Court is a court of record, and the Civil Practice Act is " An act in relation to civil practice in the courts of the State of New York; " while the Rules of Civil Practice are " binding upon all the courts in this State and all the justices and judges thereof, except the court for the trial of impeachments and the court of appeals " (Laws of 1920, chap. 902, as amd. by Laws of 1921, chap. 370); and by section 15 of the Municipal Court Code " except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

So that in the absence of some provision to the contrary, the practice of the Municipal Court, unless otherwise provided in the Municipal Court Code, shall conform as nearly as may be to the practice in the Supreme Court. (See *Ritz Carlton Restaurant & Hotel Co.* v. *Ditmars,* 203 App. Div. 748.)

It is plain that rule 155 of the Rules of Civil Practice required the court to disregard the stay contained in the order to show cause granted by Mr. Justice HOYER, for although there are no terms, so called, in the Municipal Court, conforming the rule as nearly as

may be to the practice in the Municipal Court that rule nullified the stay granted in said order to show cause on the eve of the day set for trial.

Appellant, however, cites *Van Kleeck* v. *Nichols* (63 How. Pr. 403), in which it was held by Mr. Justice WESTBROOK sitting at Ulster County Special Term, July, 1882, in a case almost identical with the one now under consideration, that rule 37 of the General Rules of Practice in its then form (covering the same matter now dealt with under rule 155 of the Rules of Civil Practice) was inconsistent with the statute (then Code Civ. Proc. § 772 in part; now Civ. Prac. Act, § 131) and " there was no power in this court or another judge, without notice, to vacate the order. A vacation without notice can only be granted by the judge who made the order."

The only other case that we have found which bears on the subject is *Oakley* v. *Cokalete* (20 Misc. 206) in which Mr. Justice DYKMAN (who is the same judge who in the *Van Kleeck* case had, in obedience to the rule, ignored the stay in that case) disregarded a stay obtained under like circumstances within ten days of the term and granted judgment on default.

Upon the motion made in the *Oakley* case to punish the defendant's attorney for contempt Mr. Justice GAYNOR held it was a contempt to disregard the stay, and in arriving at that conclusion he held that the then rule of practice (37) was not applicable to the Special Terms of the Supreme Court (the trial in the *Oakley* case having been noticed for the Special Term) but only to the Circuit or Trial Terms; and the learned trial justice fined the attorney for the contempt.

The order of Mr. Justice GAYNOR was reversed, however, by the Appellate Division (16 App. Div. 65), the appellate court holding that the question whether the rule applied to Special Terms was fairly presented by the appellant to Mr. Justice DYKMAN and was determined in appellant's favor, and, therefore, there could have been no contempt of court.

We do not agree with the view expressed by Mr. Justice WESTBROOK in *Van Kleeck* v. *Nichols* (63 How. Pr. 403) that the rule is inconsistent with the statute and, therefore, inoperative. Notwithstanding that decision, almost forty years later the rule was re-enacted in the more sweeping terms of rule 155 of the Rules of Civil Practice, and we do not find the *Van Kleeck* case subsequently cited in support of the doctrine contended for by the appellant. The salutary provisions of rule 155 are not inconsistent with but merely regulatory of the provisions of section 131 of the Civil Practice Act.

Order affirmed, with ten dollars costs, without prejudice to a

renewal of the application to open defendant's default upon facts showing a meritorious defense within five days after the service of a copy of the order of this court.

All concur; present, WAGNER, LYDON and LEVY, JJ.