ANTHONY ESPOSITO, by EUGENE ESPOSITO, His Guardian ad Litem, and JOE MOLINARI, by DOMINICK MOLINARI, His Guardian ad Litem, Plaintiffs, *v.* NATIONAL TRANSPORTATION COMPANY and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Sixth District, March 12, 1931.

*Morris Pottish,* for the plaintiffs.

*George W. Murray,* for the defendant Patrick Brown.

*James A. Doherty,* for the defendant National Transportation Company.

CHILVERS, J. This is a motion made pursuant to section 138, subdivision 7, of the Civil Practice Act, for a preference on the calendar of the Central Jury part of the Municipal Court, on the ground that the plaintiffs are infants.

Section 15 of the Municipal Court Code provides that " Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court."

In the case of *Weinberg Dress Co., Inc.,* v. *Goldsticker* (126 Misc. 685, at p. 687) the Appellate Term of the First Department said, " except as otherwise provided in this act [Municipal Court Code] *or in the rules,* the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, * * *. (Brackets mine.)

" So that *in the absence of some provision to the contrary,* the practice in the Municipal Court, unless otherwise provided in the Municipal Court Code, shall conform, as nearly as may be, to the practice in the Supreme Court."

It is evident that section 138 of the Civil Practice Act, relating to preferences, would apply to the Municipal Court unless the Municipal Court has made provision to the contrary.

Rule 8, however, of the rules controlling calendar practice of the Municipal Court of the City of New York expressly prescribes what actions shall be entitled to preferences in the Municipal Court, as follows: " Actions for wages and actions in which the amount claimed does not exceed $50 shall be entitled to a preference provided the notice of trial shall claim the preference."

In the case of *Goldin* v. *Malone Dairy Co., Inc.* (209 App. Div. 341), which was also an application by an infant for a preference, the Appellate Division in the First Department said, in denying the application: " It is imperative now to declare our purpose to be most sparing in the affirmance of any grant of preference of tort causes on the ground of alleged destitution or asserted lack of financial resource. The impossibility of accomplishing relative justice in these matters in so far as calendar position is concerned, constrains this court to rigidly enforce the doctrine that causes

shall be tried only in their regular order, except when most extraordinary circumstances appear in the moving papers as ground for preference."

It must be remembered, as the court pointed out in *Davis* v. *Friedman* (196 App. Div. 926, 927), that " The right to a trial of issues of fact in the regular order is a substantial right of litigants, and the improper preference of one cause over others deprives the litigants of that right by delaying and postponing the trial of their causes."

Inasmuch as the moving papers do not set forth any facts entitling the plaintiffs to preference under rule 8 of the Municipal Court rules controlling the calendar practice in the Municipal Court, this motion is denied.