MARY E. WARREN, Respondent, *v.* RITA B. BOEHM, Appellant, Impleaded with WALTER A. BOEHM, Defendant.

Third Department, November 18, 1932.

*Gibbons, Pottle & Pottle [Frank Gibbons* of counsel], for the appellant.

*Ellsworth Baker,* for the respondent.

VAN KIRK, P. J. At the Trial Term beginning the first Monday in January, 1932, a motion to open a default judgment, taken against the defendant Rita B. Boehm alone, was denied unless she complied with conditions imposed. She refused to comply. The order appealed from followed. Plaintiff was riding with one Blatchly in his car. This car came into collision with the Boehm car, which at the time was being driven by the defendant Walter Boehm. The defendant Rita was not in the car, but plaintiff alleges that it was being driven with her express permission. The accident occurred October 12, 1929. The case was on the calendar at the January term, 1932. The real question is whether appellant's attorney used reasonable diligence to prepare for trial.

An outline of what occurred in court is given by Judge FOSTER in his memorandum: " At the opening of the term counsel for this defendant moved to have the case pass the term upon various grounds, one of which was that no notice of trial had been served as against the other defendant. Counsel for the plaintiff stated that he desired to proceed only against the present defendant, and that he opposed the motion upon the ground that the plaintiff was over eighty-one years of age, and suffering from a serious heart ailment which might cause her death at any time, and that in such

event the action would abate. The motion to have the case pass the term was denied, but the court stated that the case would be held and carried along until the last part of the term so as to give the defendant time to prepare for the trial. Instead of preparing for trial counsel for the defendant apparently tried every means to get the case over the term, even to the extent of procuring a stay from another justice in violation of the Civil Practice Act and the Rules of Practice. When the case was finally moved nearly four weeks had elapsed after defending counsel were fully apprised as to the situation. Under such circumstances the default ought not to be opened except on conditions which adequately protect the plaintiff." In substance, but more in detail, the same facts are stated in the affidavit of Ellsworth Baker, attorney for the plaintiff.

In their first point the appellant's attorneys give their explanation of their failure to appear and defend the action. Justice FOSTER thought the explanation insufficient. We do not find sufficient grounds to disapprove. The appellant's attorneys, instead of preparing for trial, undertook some measures which, if successful, would put the case over the term. On January twenty-ninth they obtained an order to show cause returnable at Hudson on February fifth to change the place of trial and for a bill of particulars. Mr. Baker states that he appeared at Hudson on the return day, but the appellant's attorneys did not. On February second they applied to Mr. Justice PIERCE of the eighth district for an *ex parte* order staying proceedings in the action until the hearing and determination of the motion which was granted and presented to Judge FOSTER, who concluded that this order was not binding upon him.

The appellant for her second and third points argues that Justice FOSTER was without jurisdiction to vacate this order and that rule 155 of the Rules of Civil Practice is void. The presiding justice at a Trial Term has generally full charge of his own calendar. Rule 155 provides: " An order served less than ten days before the beginning of a term in which an action may be reached for trial shall not stay proceedings unless made by the judge who is appointed to hold such term, nor unless such stay is contained in an order to show cause returnable on the first day of such term, in which case it shall not operate to prevent the subpœnaing of witnesses or placing the cause on the calendar. This shall not apply to orders of the Appellate Division or of a judge thereof." Mr. Justice PIERCE is not a judge of an Appellate Division. We do not accept the construction placed upon this rule by the appellant. We think its meaning is that no order, except a show cause order

returnable at the first day of the term, served after the tenth day preceding the beginning of the term, shall stay proceedings in an action on the calendar, unless made by the judge who is appointed to hold the term. (*Weinberg Dress Co., Inc.*, v. *Goldsticker*, 126 Misc. 685.) The rule is valid. Practice in accord therewith has prevailed for many years.

Appellant's fourth contention is that the court was without jurisdiction to proceed to trial at the January term without notice to all defendants who had appeared and answered. We think this is not well taken. The plaintiff could have sued either of these defendants separately and she could have discontinued as to one and prosecuted as to the other. It is true that the liability of Rita is statutory and not based upon her own negligence. Still, with the allegations of the complaint established by proof, she is liable. As against the two defendants there is a separate liability as well as a joint one. This action could be brought against either or both. (*Wallace* v. *Third Ave. R. R. Co.*, 36 App. Div. 57; *Weidman* v. *Sibley*, 16 id. 616.) Where a summons has been served upon all of several defendants, the plaintiff may take judgment against one or more of them, where he would be entitled to judgment if the action was against him or them alone. (Civ. Prac. Act, § 475.) We do not think the holding in *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305) has any direct application here. In the instant case there is no right to contribution between joint tort feasors. Neither defendant was brought in upon the application of the other defendant; and, though Rita Boehm may have a right of action against her husband if the recovery is held against her, she has alleged no such cause of action in her answer and could not have judgment in this action against him. Whatever right of action she may have against him may be determined in an action brought by her.

We conclude that the plaintiff could rightfully prosecute the action against the defendant Rita alone.

The fifth point is that the conditions imposed in the order are so unjust and onerous as to amount to a denial of justice. We find in this no ground for reversing the order. The court in granting a favor was justified in imposing such conditions as he thought necessary to protect the rights of the plaintiff. If the appellant thought them too severe she was justified in refusing, as she did, to make the stipulation and appeal from the order.

The appellant argues that, there being a verdict of a jury in this case, the action would not abate upon the death of the plaintiff, even though the judgment based on the verdict be reversed and

the verdict set aside. The authorities are to the contrary. (*Hughes* v. *Russell,* 113 App. Div. 744; *Molloy* v. *Starin,* 134 id. 542.)

It is true there were extended communications between former attorneys for the parties in respect to a bill of particulars and a physical examination of the plaintiff. In consequence application for relief in either of these respects was justifiably delayed. It happens that the original attorneys for each of the parties had died and other attorneys had been substituted in 1931. If defendants had in good faith intended to try this case when reached at the January term, they had abundant opportunity to apply for this relief. A physical examination of the plaintiff could be had at the court, and by application for a bill of particulars as soon as the notice of trial was served, the relief could have been had before the case was reached, the court having held it until the last part of the term, a period of four weeks. At least an effort could have been made to prepare in these respects. The delay in the trial during four weeks was solely to accommodate the appellant. Plaintiff wanted to try the case. The case was " held and carried along until the last part of the term so as to give the defendants time to prepare for the trial," the court states. Can this be doubted? Appellant's attorneys were not diligent, except to take measures for delay. They were not engaged in another court till the fifth week of the term in Sullivan county.

We think the trial judge was patient and considerate; that he justly believed that the rights of this aged and infirm plaintiff should be protected so far as the court could so do; that no rights of this defendant have been disregarded.

The order should be affirmed, with costs.

HINMAN, RHODES and CRAPSER, JJ., concur; HILL, J., dissents and votes to modify the order to open the default without terms, and to reverse the judgment on the law and facts and grant a new trial.

Order modified by substituting in paragraphs 3 and 4 in place of the words " May, 1932," the words " January, 1933," and as so modified order is affirmed, with costs.