OPINION OF THE COURT
Leonard E. Yoswein, J.
Plaintiffs motion to reargue her motion "for injunctive and other relief and upon such reargument to vacate the bond heretofore filed by the defendants and to grant a preliminary injunction prohibiting defendants from withdrawing and prohibiting Barclays Bank of New York from permitting any withdrawal of the funds being held in the name of Michael Nicholson, Attorney in Barclay’s, Bank of New York accounts numbered 4K9-033079-1, and 87-00176-4, including cash, U.S. Treasury Bills and any other form of investment or cash equivalent” is granted.
Upon reargument, the court modifies its decision and order dated November 3, 1991 with respect to the bonds on appeal filed by defendants to procure the statutory stay (CPLR 5519) of enforcement of the judgment entered in favor of plaintiff on *124 May 3, 1991, in the sum of $3,007,992, as follows: each of the appeal bonds filed shall provide for the payment of not only the amount of the judgment but also all accruing interest and costs.
Defendants alleged that they filed two appeal bonds, one by the Fidelity & Deposit Company of Maryland (Fidelity) dated February 25, 1991 relating to Referee’s fees. The bond "has the exact language that plaintiff claims is sufficient, namely in addition to the amount of the referee’s fees as bonded, the company will also pay all interest that shall accrue plus costs that shall be incurred on appeal.” The second bond of $3,010,300 by the National Union Fire Insurance Company of Pittsburg, Pa. (National) should also provide for all interest that shall accrue, plus costs that shall be incurred on appeal. Defendants are directed to procure and file an amendment to the National bond or procure a supplemental bond to comply with the foregoing in order to effectuate the statutory stay of enforcement of the judgment.
Plaintiff acknowledges that "National is authorized to issue appeal bond in the State of New York.” Such fact, without substantive evidence of the financial inability of National to make payment on its bonds renders its appeal bonds acceptable to this court.
In all other respects, this court adheres to its original order and decision.